```
 1  Kenneth H. Natkin (Bar No. 85021)
    LAW OFFICES KENNETH NATKIN
 2  1901 Harrison Street, Suite 900
    Oakland, CA., 94612
 3  Telephone: (510) 273-8650
    Facsimile: (510) 273-8652
 4  Email: ken@natkinlaw.com

 5  Attorney for Plaintiff
    BILL POON & COMPANY,
 6  ARCHITECTS, INC.

 7
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL POON & COMPANY, ARCHITECTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KHALIL BAFAIZ, an individual, NABIL W. TAOVIL, an individual, G.A.R.S. Incorporated, a California Corporation, GEORGE G. PAVANA, an individual, INDERJIT CHADHA, an individual, NAEEM AKRAM, an individual, and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No. C07-05566 PJH <br><br> FIRST AMENDED COMPLAINT FOR DAMAGES FOR COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, CONVERSION, AND FOR INJUNCTIVE AND DECLARATORY RELIEF AS APPROPRIATE THERETO. DEMAND FOR JURY TRIAL |

Plaintiff BILL POON & COMPANY, ARCHITECTS, INC, a California Corporation, (hereinafter "POON") complains of Defendant KHALIL BAFAIZ (hereinafter "BAFAIZ"), Defendant NABIL W. TAOVIL, (hereinafter "TAOVIL)", Defendant G.A.R.S. Incorporated, dba SellSmart Preferred, (hereinafter "GARS"), Defendant GEORGE G. PAVANA,(hereinafter "PAVANA"), Defendant INDERJIT S. CHADHA (hereinafter "CHADHA"), Defendant NAEEM AKRAM (hereinafter "AKRAM"), and DOES 1 through 20, inclusive, alleging as follows:

**JURISDICTION AND VENUE**

FIRST AMENDED COMPLAINT                     1

1. This is an action for copyright infringement arising under the federal Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq., and for the related claims of unfair competition, and conversion. This Court has jurisdiction of this action under 28 U.S.C. Sections 1331, 1338(a) and 1338(b), and under its supplemental jurisdiction.

2. Venue is proper in the Oakland District under 28 U.S.C. Sections 1391 and 1400(a).

**INTRADISTRICT ASSIGNMENT**

3. Pursuant to Civil L.R. 3-2(b) this action is properly directed and assigned to the Oakland Division as it arises in Alameda County.

**PARTIES**

4. Plaintiff POON, an individual doing business as BILL POON & COMPANY, ARCHITECTS, INC., is and was at all times relevant hereto a citizen of the United States and an architect, duly licensed and practicing under the laws of the State of California. POON's principal place of business was, during the time relevant hereto, at 2119 West Street in the City of Berkeley, County of Alameda, State of California.

5. Plaintiff is informed and believes and thereon alleges, that Defendant BAFAIZ is an individual residing and/or doing business as a real property developer at 2349 Galway Court in the City of Tracy, State of California. Plaintiff is informed and believes and thereon alleges, that Defendant BAFAIZ, pursuant to Vacant Land Purchase Agreements dated on or about April 26, 2006, purchased two adjoining real properties, commonly known as 25289 Campus Drive and 25273 Campus Drive, in the City of Hayward,

1  County of Alameda, State of California, (hereinafter collectively
2  referred to as the "Properties") from an individual, Melissa A.
3  Chavis.
4      6. Plaintiff is informed and believes and thereon alleges,
5  that Defendant TAOVIL is a real estate salesperson duly licensed
6  in the State of California and was the salesperson who
7  represented both Defendant AKRAM as an initial Offerror to
8  purchase the Properties and Melissa Chavis as Seller and
9  subsequently represented both Defendant BAFAIZ as Buyer and
10 Melissa Chavis as Seller of the two Properties in the
11 transaction.
12     7. Plaintiff is informed and believes and thereon alleges,
13 that Defendant GARS is a duly licensed California Corporation,
14 doing business in the State of California as SellSmart Preferred,
15 with its principal place of business at 2610 Crow Canyon Road,
16 Suite 115, in the City of San Ramon, County of Alameda, State of
17 California and is the employer of Defendant TAOVIL, responsible
18 therefor for his acts herein alleged, which acts were undertaken
19 within the scope of his employment.
20     8.  Plaintiff is informed and believes and thereon alleges,
21 that Defendant PAVANA is a duly licensed real estate broker in
22 the State of California, is also in the employ of Defendant GARS,
23 and is the broker of record responsible for supervising the
24 activities of his salesperson TAOVIL as required by Article 4,
25 Section 2725, of the Regulations of the Real Estate Commissioner
26 of the State of California.
27     9. Plaintiff is informed and believes and thereon alleges,
28 that Defendant CHADHA is an individual and a Civil Engineer duly

FIRST AMENDED COMPLAINT        3

1  licensed and practicing under the laws of the State of California
2  with his residence at 1731 Germano Way in the City of Pleasanton,
3  County of Alameda, State of California.
4      10. Plaintiff is informed and believes and thereon alleges,
5  that Defendant AKRAM is an individual and a licensed Contractor
6  in the State of California, doing business as Warraich Builder,
7  with his principal place of business at 338 W. Tennyson Road in
8  the City of Hayward, County of Alameda, State of California.
9      11. Plaintiff alleges that the true names and capacities,
10 whether corporate or otherwise, of Defendants DOE 1 through DOE
11 20, inclusive, are unknown to Plaintiff at the present time, and
12 therefore sues said Defendants by such fictitious names.
13 Plaintiff shall amend this Complaint to allege their true names
14 and capacities when ascertained.
15     12. Plaintiff is informed and believes and thereon alleges
16 that each of the Defendants DOE 1-5 claims an interest or estate
17 in the Properties herein mentioned, further alleges that at all
18 times relevant hereto each of the Defendants DOE 6-10 was a
19 design professional providing architectural, engineering,
20 landscape architectural, and/or other design professional
21 services for development of the properties; and further alleges
22 that at all times relevant hereto each of the Defendants DOE 11-
23 20, inclusive, was the employee, agent, affiliate, or partner of
24 each of the other Defendants and was acting within the scope of
25 and course of said employment, agency, affiliation, and/or
26 partnership relationship at the time of the acts complained of
27 herein; Plaintiff further alleges that each of these fictitiously
28 named Defendants is responsible in some manner for the acts or

1  omissions herein alleged.

2  **BACKGROUND FACTS**

3  13. On or about May 4, 2004, POON entered into a written agreement (the "Agreement") with Melissa Chavis as the then Owner and Developer of the Properties to provide professional architectural services for the design and construction of three new speculative single family homes; the first two were anticipated to be constructed one at a time on the Properties (hereinafter the "Project"). Article 6 of the Agreement provided as follows:

> 6.1 All documents prepared by the Architect for this Project are the instruments of the Architect's service for use solely with respect to this Project, and the Architect shall be deemed the author of these documents and shall retain all common law, statutory and other reserved rights, including the copyright. The Developer shall be permitted to retain copies of these documents for information and reference in connection with the Developer's use, occupancy, and servicing of the Project. These documents shall not be used by the Developer or others on other projects, for additions to this Project, or for completion of this Project by others, unless the Architect is adjudged to be in default under this Agreement, except by agreement in writing and with appropriate compensation to the Architect. Submission or distribution of documents in connection with this Project is not to be construed as publication in derogation of the Architect's reserved rights.

14. POON prepared documents for the design and construction of the residence to be built at 25289 Campus Drive. These drawings bear a revision date of October 28, 2005. POON also prepared drawings for the design of the residence to be constructed at 25273 Campus Drive. (Collectively, these drawings are referred to hereinafter as the "Architectural Drawings)

15. POON performed fully each and every condition, covenant, and obligation imposed under the terms of the Agreement until he was excused from further performance in or about December, 2005,

1  when he was verbally informed that he wasn't to perform any
2  further services and told of Ms. Chavis's intention to sell the
3  Properties. Later, on May 8, 2006, Plaintiff was informed by
4  email from Ms. Chavis that she had "signed a purchase agreement
5  to sell the land. Escrow is scheduled to close on June 10
6  (2006)". The email went on to inform POON that Ms. Chavis
7  intended "to place a letter in escrow regarding the house plans
8  for lot 1 (25289 Campus Drive)" that stated that "the plans are
9  proprietary and the buyer has no right to build or alter these
10 plans at any time".

16. Each sheet of the Architectural Drawings created and prepared by POON constitutes copyrightable subject matter protectable under the copyright laws of the United States, as is the Architectural Work embodied therein. Each sheet of drawings bore the following notice: © 2005 Bill Poon.

17. Furthermore, Sheet 13 of the Architectural Drawings prepared by POON for construction of the residence at 25289 Campus Drive notes that "All drawings and written materials within these construction documents are the sole property of the Architect. Any reproduction or use without permission is strictly prohibited by copyright law and will be vigorously enforced". Mr. POON has never given any such approval.

18. On or about January 26, 2007, Plaintiff POON applied to the Register of Copyrights for a Certificate of Registration for 13 sheets of architectural drawings for the construction of the residence and for a Certificate of Registration for the Architectural Work ("Architectural Work") embodied in those Architectural Drawings for the residence at 25289 Campus Drive.

FIRST AMENDED COMPLAINT                6

1  The Certificates were issued by the Register of Copyrights on
2  January 29, 2007 and bear registration numbers VAu733-862
3  (Architectural Drawings) and VAu 733-861 (Architectural Work).
4  POON has also applied for and received Certificates of
5  Registration for the Architectural Drawings, Lot Line Adjustment
6  Drawings, and Architectural Work for the residence at 25273
7  Campus Drive. These Certificates were also issued on January 29,
8  2007; they bear registration numbers VAu 735-853 (Architectural
9  Drawings, VAu 735-852 (Lot Line Adjustment Drawing) and VAu 735-
10 851 (Architectural Work). True and correct copies of these
11 certificates are attached hereto as Exhibits A, B ,C, D and E
12 respectively. By reason of their bulk, it is impractical to
13 attach copies of the Architectural Drawings hereto as exhibits,
14 but copies of the Architectural Drawings will be made available
15 and exhibited to the Court at all appropriate proceedings.
16     19. Plaintiff POON is currently and at all relevant times
17 has been the sole proprietor of all right, title, and interest in
18 and to the copyrights in the Architectural Drawings and in and to
19 the Architectural Work embodied therein. Said Architectural
20 Drawings have never been published as defined in 17 U.S.C.
21 Section 101.
22     20. The residence at 25289 Campus Drive is currently under
23 construction.
24     21. POON is informed and believes, and thereon alleges, that
25 the construction has not yet begun on the residence at 25273
26 Campus Drive.
27              **FIRST CAUSE OF ACTION**
28 _____ (Copyright Infringement - Against All Defendants)

FIRST AMENDED COMPLAINT              7

22. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 21, inclusive, and incorporates them herein by this reference.

23. Plaintiff POON is informed and believes and thereon alleges that Defendant CHADHA has prepared drawings for the construction of the residence at 25273 Campus Drive based upon the design drawings and the Lot Line Adjustment drawings prepared for that site by POON. POON alleges that Defendant CHADHA has knowingly, willfully, and fraudulently claimed title to the Architectural Drawings prepared by POON for the residence to be constructed at 25273 Campus Drive, and for the Architectural Work embodied therein, converting them to his own use and benefit, and has directly copied, reproduced, and distributed, and continues to copy, reproduce, and distribute Plaintiff's copyrighted work and has prepared, and continues to prepare, derivative works based thereon.

24. By letter dated February 7, 2007, Plaintiff, through his counsel, attempted to directly notify Defendant CHADHA that POON had applied to register his copyrights, that CHADHA had no right to use POON's drawings and specifications, that doing so exposed Defendant CHADHA to a claim of copyright infringement in contravention of Federal copyright law and that if Defendant CHADHA continued in willful disregard of the notification, POON would seek damages for willful infringement, entitling POON to statutory damages. Plaintiff is informed and believes, and thereon alleges, that Defendant CHADHA nevertheless continued to infringe the copyrights. This letter was sent to a prior listed address for CHADHA but was returned to sender as "Unclaimed and

Unable to Forward". On July 3, 2007, it was again sent to CHADHA at 1731 Germano Way, Pleasanton, California 94566.

25. By letter dated January 26, 2007, Plaintiff, through his counsel, wrote Defendant BAFAIZ notifying him that POON had applied to register his copyrights, that BAFAIZ had no right to use POON's drawings and specifications, nor to construct the residence at 25289 Campus Drive, and that doing so exposed Defendant BAFAIZ to a claim of copyright infringement in contravention of Federal copyright law and that if Defendant BAFAIZ continued in willful disregard of the notification, POON would seek damages for willful infringement, entitling POON to statutory damages. POON is informed and believes and thereon alleges that Defendant BAFAIZ nevertheless continued to infringe the copyrights.

26. Plaintiff POON is informed and believes and thereon alleges that Defendant BAFAIZ has directly reproduced and distributed Plaintiff's copyrighted work, continues to construct the Architectural Work at 25289 Campus Drive, and intends, unless enjoined from so doing, to construct the Architectural Work at 25273 Campus Drive.

27. Plaintiff POON is informed and believes and thereon alleges that on or about April 5, 2006, Defendant TAOVIL presented an offer to Melissa Chavis on behalf of "Naeem Akram and/or Assignee" to purchase the Properties. On or about April 14, 2006, an Addendum was presented which offered an additional sum to purchase the complete construction drawings. Ms. Chavis refused to agree and the sale to Defendant AKRAM was not consummated.

28. Plaintiff POON is informed and believes and thereon alleges Defendant AKRAM has been acting as the general contractor engaged by Defendant BAFAIZ to construct the residence at 25289 Campus Drive. Plaintiff POON is informed and believes and thereon also alleges that Defendant AKRAM, in so constructing the residence, has distributed Plaintiff's copyrighted work. By virtue of this conduct, Defendant AKRAM has directly infringed upon Plaintiff POON's exclusive rights and has materially contributed to the infringing activity of Defendant BAFAIZ and/or conspired with Defendant BAFAIZ to infringe upon Plaintiff POON's exclusive rights.

29. Defendant AKRAM was informed, by copy of the letter to Defendant BAFAIZ dated January 26, 2007, that use of Poon's copyrighted works and construction of the residence at 25289 Campus Drive was in contravention of Federal copyright law and that to continue in willful disregard of the notification would entitle POON to statutory damages. POON is informed and believes and thereon alleges that Defendant AKRAM nevertheless continued to infringe the copyrights.

30. Plaintiff POON is informed and believes and thereon alleges that Defendant TAOVIL, despite having been verbally informed by POON that the drawings were not included with the sale of the Properties, despite knowing Plaintiff's construction drawings were not included, as evidenced by the rejected Addendum offer he prepared and presented on behalf of Defendant AKRAM, and despite having been directed in writing by Ms. Chavis on or about May 22, 2006, to inform the Buyer/Defendant BAFAIZ that the designs embodied in POON's copyrighted works could not be used or

FIRST AMENDED COMPLAINT                    10

altered for construction of the residences on the Properties, nonetheless distributed Plaintiff's copyrighted work to Defendant BAFAIZ knowing full well that Defendant BAFAIZ did intend to have the residences depicted constructed. By virtue of this conduct, Defendant TAOVIL has materially contributed to the infringing activity of Defendant BAFAIZ and/or conspired with Defendant BAFAIZ to infringe upon Plaintiff POON's exclusive rights.

31. Defendant employer GARS and Defendant supervising broker PAVANA failed to exercise reasonable supervision over the activities of Defendant TAOVIL as herein alleged.

32. By their actions as alleged above, Defendants BAFAIZ, CHADHA and AKRAM have directly infringed, and Defendants TAOVIL, GARS, PAVANA and AKRAM have contributed to the infringement and/or conspired with Defendant BAFAIZ to infringe upon Plaintiff's exclusive rights in and relating to the Architectural Drawings and to the Architectural Work embodied therein. In addition, Defendants BAFAIZ, TAOVIL, GARS, PAVANA, CHADHA and AKRAM have unlawfully and wrongfully derived, and Defendants BAFAIZ, CHADAH and AKRAM will continue to derive, income and profits from their infringing acts.

33. The unauthorized and infringing use by Defendants of the Architectural drawings caused, and, unless enjoined, will continue to cause irreparable harm, damage and injury to Plaintiff, in that should Defendants BAFAIZ, CHADHA and AKRAM improperly use the Architectural Drawings so as to expose Plaintiff to vicarious liability for the professional negligent acts, errors and omissions of Defendant CHADHA and the negligent construction of Defendants BAFAIZ and AKRAM, and/or their

incorrect interpretation or alteration of the Architectural Drawings so as to adversely affect the integrity of Plaintiff's design of the Project and thus to violate Plaintiff's copyright interest in the Architectural Work itself, an interest specifically recognized by Congress in amending Title 17 U.S.C. and passing the Architectural Works Copyright Protection Act in 1990. Further, for these same reasons, Plaintiff has no adequate remedy at law to redress such harm.

34. There is substantial likelihood that Plaintiff will succeed on the merits of this action.

35. Plaintiff is entitled to an injunction restraining Defendants from engaging in any further acts in violation of the copyright laws.

36. Plaintiff is further entitled to recover from Defendants, and each of them, the damages, including attorneys' fees which Plaintiff has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of their acts of infringement alleged above. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

**SECOND CAUSE OF ACTION**

(Unfair Competition - Against Defendant CHADHA)

37. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 21, inclusive, and Paragraphs 22 through and 36, inclusive, and incorporates them herein by this reference.

38. Defendant CHADHA's conduct alleged above constitutes unlawful, unfair, or fraudulent business practices in violation of California Business and Professions Code Sections 17200 et seq.

39. These wrongful acts have proximately caused and will continue to cause Plaintiff substantial injury, including loss and damage to his ownership rights, loss of customers, dilution of his goodwill, confusion of existing and potential clients, injury to his reputation, and diminution of the value of his workproduct. Defendant CHADHA, by his unauthorized appropriation and use of Plaintiffs copyrighted Architectural Drawings, Lot Line Adjustment Drawings, and Architectural Work, has engaged, and continues to engage, in acts of wrongful deception of the City of Hayward, the general public, and potential clients of Plaintiff, wrongful deprivation of Plaintiff's good name and reputation, and the wrongful deprivation of Plaintiff's right to public recognition and credit as architect solely responsible for preparation of the design of the residence at 25273 Campus Drive.

40. The harm these wrongful acts will cause Plaintiff is both imminent and irreparable, and the amount of damage sustained by Plaintiff will be difficult to ascertain if these acts continue. Plaintiff has no adequate remedy at law and is entitled therefore to an injunction restraining Defendant CHADHA, his agents, employees, and all persons acting in concert with him from engaging in further such unlawful conduct.

41. In connection with the matters and things alleged herein, defendant has been guilty of oppression, fraud and malice and plaintiff is therefore entitled to exemplary damages in an

FIRST AMENDED COMPLAINT                 13

amount to be proved at trial.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### THIRD CAUSE OF ACTION

(Conversion - Against Defendants BAFAIZ and CHADHA)

42. Plaintiff realleges each and every allegation set forth in Paragraphs 1 through 21, inclusive, Paragraphs 22 through and 36, inclusive, and Paragraphs 37 through 41 and incorporates them herein by this reference.

43. At all times herein mentioned, Plaintiff was, and still is, the owner of the Architectural Drawings, including the Lot Line Adjustment drawings, prepared as instruments of services for 25289 Campus Drive and 25273 Campus Drive and of the Architectural Works embodied therein and was, and still is, entitled to possession of these Architectural Drawings.

44. In taking the actions described above, Defendant BAFAIZ knowingly converted the property described above to his own use and benefit and Defendant CHADHA knowingly converted the property described above pertaining to 25273 Campus Drive to his own use and benefit.

45. At the time BAFAIZ converted the property described, the property described had a value in an amount to be proven at trial but in excess of $50,000. At the time CHADHA converted the property described above pertaining to 25273 Campus Drive, the property described had a value in an amount to be proven at trial but in excess of $25,000.

46. As a natural, reasonable and proximate result of Defendants' conversion, Plaintiff has also suffered loss of

FIRST AMENDED COMPLAINT                14

1  expected profit and loss of goodwill, all to Plaintiff's damage
2  in an amount to be proven at trial.
3      47. Between the time of Defendants' conversion of the above
4  described property to their own use and the filing of this
5  action, Plaintiff has properly expended time and money in the
6  pursuit of the converted property, all to the Plaintiff's further
7  damage in an amount to be proven at trial.
8      48. No adequate remedy at law exists for the injuries
9  suffered by Plaintiff herein, insofar as further harm will result
10 to Plaintiff from Defendants' wrongful acts of conversion absent
11 injunctive relief. If this Court does not grant injunctive relief
12 of the type and for the purpose as specified herein, Plaintiff
13 will suffer irreparable injury. Plaintiff therefore requests that
14 Defendants be enjoined from further use of Plaintiff's above
15 described property, from further acts predicated on Defendants'
16 misrepresentation that Defendant CHADHA prepared the
17 Architectural Drawings and designed the Architectural Work at
18 25273 Campus Drive, and be ordered to remove CHADHA's name and
19 seal from the Architectural Drawings and other drawings prepared
20 by Plaintiff and to return to Plaintiff all of the above
21 described property of Plaintiff in Defendant's possession.
22     49. At the time Defendants BAFAIZ and CHADHA converted the
23 property, they were guilty of fraud, malice, oppression, and a
24 willful and conscious disregard for the rights of Plaintiff in
25 the converted property. Further, after knowledge and notice of
26 Plaintiff's interest in the converted property was given to
27 Defendants BAFAIZ and CHADHA, they failed and refused, and
28 continues to fail and refuse, to stop their activities with

FIRST AMENDED COMPLAINT                15

regard to the converted property. Defendants' acts justify the awarding of exemplary and punitive damages.

WHEREFORE, Plaintiff prays for judgment as follows:

**FIRST CAUSE OF ACTION:**

1. That Defendants be held to have infringed Plaintiff's copyrights in the Architectural Drawings and Architectural Works;

2. That Defendants, their officers, directors, principals, agents, employees, successors and assigns, and all other persons acting in active concert or privity or in participation with them be enjoined from further acts directly or indirectly infringing Plaintiff's copyrights in the Architectural Drawings and Architectural Works;

3. That Defendants, their officers, directors, principals, agents, employees, successors and assigns, and all other persons acting in active concert or privity or in participation with them be enjoined to return to Plaintiff any and all copies of the Architectural Drawings and any and all sketches, drawings, or other documents derived therefrom;

4. That Defendants, their officers, directors, principals, agents, employees, successors and assigns, and all other persons acting in active concert or privity or in participation with them be enjoined from submitting to any council, commission, board, agency or department of the City of Hayward or any other incorporated or unincorporated governmental entity, for any purpose, any documents derived from the Architectural Drawings prepared by Plaintiff;

5. That Defendants be required to file with the Court and

to serve on Plaintiff, within 30 days after service of the Court's order as herein prayed, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the Court's order;

6. That judgment be entered for Plaintiff and against Defendants for Plaintiff's damages according to proof, and for any additional profits attributable to infringements of Plaintiff's copyrights, in accordance with proof;

7. That judgment be entered for Plaintiff and against Defendants for statutory damages based upon Defendants' acts of infringement, pursuant to the Copyright Act of 1976, as amended, 17 U.S.C. Section 504;

8. That Defendants be required to account for all gains, profits, and advantages derived from their acts of infringement and for their other violations of law;

9. That all gains, profits, and advantages derived from Defendants' acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiff;

10. For full costs and reasonable attorneys' fees as part of the costs incurred, pursuant to the Copyright Act of 1976, as amended, 17 U.S.C. Section 505; and

11. For such other and further relief as the Court may deem proper.

**SECOND CAUSE OF ACTION:**

1. For general and compensatory damages in an amount according to proof;

2. For special and consequential damages in an amount

FIRST AMENDED COMPLAINT                17

according to proof;

3. For an order enjoining Defendant CHADHA from further use of Plaintiff's Architectural Drawings, Lot Line Adjustment Drawings, and Architectural Work for the residence at 25273 Campus Drive.

4. For an order restoring to Plaintiff the Architectural Drawings acquired by Defendant CHADHA by means of his acts of unfair competition;

5. For punitive and exemplary damages;

6. For costs of suit herein incurred; and

7. For such other and further relief as the Court may deem proper.

### THIRD CAUSE OF ACTION:

1. For the value of the property converted;

2. For interest at the legal rate on the foregoing sum pursuant to California Civil Code section 3336, from and after April 26, 2006;

3. For damages for the proximate and foreseeable loss resulting from the conversion by Defendant CHADHA in an amount to be proven at trial but in excess of $50,000;

4. For damages for the time and money properly expended in pursuit of the converted property in an amount to be proven at trial;

5. That Defendants BAFAIZ and CHADHA be enjoined from further use of Plaintiff's Architectural Drawings, from further acts predicated on Defendant CHADHA's misrepresentation that he prepared the Architectural Drawings and designed the residence at 25273 Campus Drive, that Defendant CHADHA remove his name and

FIRST AMENDED COMPLAINT                18

1 seal from any documents on file with the City of Hayward and
2 that Defendants BAFAIZ and CHADHA return to Plaintiff all copies
3 of the Architectural Drawings and other drawings prepared by or
4 in conjunction with Plaintiff in Defendants' possession;
5     6. For punitive and exemplary damages;
6     7. For costs of suit herein incurred; and
7     8. For such other and further relief as the Court may deem
8 proper.
9 Dated: November __, 2007

_____
Kenneth H. Natkin
Attorney for Plaintiff
BILL POON & COMPANY ARCHITECTS, INC.

### DEMAND FOR JURY TRIAL

Plaintiff BILL POON & COMPANY ARCHITECTS, INC., hereby demands a trial by jury.

Dated: November __, 2007

_____
Kenneth H. Natkin
Attorney for Plaintiff
BILL POON & COMPANY ARCHITECTS, INC.

/