| | |
|---|---|
| 1 | Matthew J. Webb, State Bar #148228 |
|   | LAW OFFICES OF MATTHEW J. WEBB |
|   | 409 13th Street, 17th Floor |
| 2 | Oakland, California 94612 |
|   | Telephone: (510) 444-4224 |
| 3 | Facsimile: (510) 444-4223 |
| 4 | Attorney for Defendant |
|   | Naeem Akram |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BILL POON & COMPANY, ARCHITECTS, INC. | Case No. C07-05566 PJH |
| Plaintiff, | **DEFENDANT NAEEM AKRAM'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES FOR COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, CONVERSION, AND FOR INJUNCTIVE AND DECLARATORY RELIEF AS APPROPRIATE THERETO. DEMAND FOR JURY TRIAL** |
| v. | |
| KHALIL BAFAIZ, an individual, NABIL W. TAOVIL, an individual, G.A.R.S., Incorporated, a California Corporation, GEORGE G. PAVANA, an individual, INDERJIT CHADHA, an individual, NAEEM AKRAM, an individual, and DOES 1 through 20, inclusive, | |
| Defendants. | |

Comes now, Naeem Akram (herein after "Defendant"), answers Plaintiff's Complaint as follows:

1. In answering Paragraph 1, Defendant admits this Court has jurisdiction.

2. In answering paragraph 2, Defendant admits that venue is proper.

3. In answering Paragraph 3, Defendant admits that this case is properly directed to the Oakland Division because the matters claimed arise in Alameda County.

4. Defendant lacks sufficient information or belief as to paragraph 4, and on that basis, denies paragraph 4.

5. Defendant lacks sufficient information or belief as to paragraph 5, and on that basis, denies paragraph 5.

6. In answering Paragraph 6, Defendant lacks sufficient information or belief in regard to whether Defendant TAOVIL is a real estate salesperson duly licensed in the State of California. Defendant admits that defendant TAOVIL represented both Defendant AKRAM as an initial Offeror to purchase the Properties and Melissa Chavis as Seller. Defendant lacks sufficient information or belief in regard to whether defendant TAOVIL subsequently represented both Defendant BAFAIZ and Melissa Chavis as Seller of the two Properties in the transaction.

7. Defendant lacks sufficient information or belief as to paragraph 7, and on that basis, denies paragraph 7.

8. Defendant lacks sufficient information or belief as to paragraph 8, and on that basis, denies paragraph 8.

9. Defendant lacks sufficient information or belief as to paragraph 9, and on that basis, denies paragraph 9.

DEFENDANT NAEEM AKRAM'S
ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES FOR
COPYRIGHT INFRINGEMENT,
UNFAIR COMPETITION, CONVERSION,
AND FOR INJUNCTIVE AND DECLARATORY RELIEF
AS APPROPRIATE THERETO. DEMAND FOR JURY TRIAL

2

10. As to paragraph 10, Defendant admits such allegations.

11. Defendant lacks sufficient information or belief as to paragraph 11, and on that basis, denies paragraph 11.

12. Defendant lacks sufficient information or belief as to paragraph 12, and on that basis, denies paragraph 12.

13. Defendant lacks sufficient information or belief as to paragraph 13, and on that basis, denies paragraph 13.

14. Defendant lacks sufficient information or belief as to paragraph 14, and on that basis, denies paragraph 14.

15. Defendant lacks sufficient information or belief as to paragraph 15, and on that basis, denies paragraph 15.

16. The allegations in paragraph 16 stating that "[e]ach sheet of Architectural Drawings created and prepared by POON constitutes copyright laws of the United States, as is the Architectural Work embodied therein," are legal conclusions, thus no answer is required. To the extent that these allegations are considered factual, Defendant denies such allegations. Defendant lacks sufficient information or belief as to whether "[e]ach sheet of drawings bore the following notice: © 2005 Bill Poon.

17. Defendant lacks sufficient information or belief as to paragraph 17, and on that basis, denies paragraph 17.

18. Defendant lacks sufficient information or belief as to paragraph 18, and on that basis, denies paragraph 18.

19. Defendant lacks sufficient information or belief as to paragraph 19, and on that basis, denies paragraph 19.

20. In answering paragraph 20, Defendant admits the residence at 25289 Campus Drive is currently under construction.

21. In answering paragraph 21, Defendant denies that the construction at has not yet begun on residence at 25273 Campus Drive. Grading and other portions of the construction have begun.

22. Paragraph 22 is incorporated by reference.

23. Defendant lacks sufficient information or belief as to paragraph 23, and on that basis, denies paragraph 23.

24. Defendant lacks sufficient information or belief as to paragraph 24, and on that basis, denies paragraph 24.

25. Defendant lacks sufficient information or belief as to paragraph 25, and on that basis, denies paragraph 25.

26. Defendant lacks sufficient information or belief as to paragraph 26, and on that basis, denies paragraph 26.

27. In answering Paragraph 27, Defendant admits the allegation of paragraph 27.

28. In answering Paragraph 28, Defendant admits that he has been acting as the general contractor engaged by Defendant BAFAIZ to construct the residence at 25289 Campus Drive. Defendant denies the Defendant, in so constructing the residence, distributed Plaintiff's copyrighted work. The remaining allegations of this

paragraph are legal conclusions. To the extent that these allegations are considered factual, Defendant denies such allegations.

29. In answering paragraph 29, Defendant admits that by copy of the letter to Defendant BAFAIZ dated January 26, 2007, that use of Poon's copyrighted works and construction of the residence at 25289 Campus Drive was in contravention of Federal copyright law and that to continue in willful disregard of the notification would entitle POON to statutory damages. The remaining allegations of this paragraph are legal conclusions. To the extent that these allegations are considered factual, Defendant denies such allegations.

30. Defendant lacks sufficient information or belief as to paragraph 30, and on that basis, denies paragraph 30.

31. Defendant lacks sufficient information or belief as to paragraph 31, and on that basis, denies paragraph 31.

32. The allegations in paragraph 32 are legal conclusions, thus no answer is required. To the extent that these allegations are considered factual, Defendant denies such allegations.

33. Defendant lacks sufficient information or belief as to paragraph 33, and on that basis, denies paragraph 33.

34. Defendant lacks sufficient information or belief as to paragraph 34, and on that basis, denies paragraph 34.

35. Defendant lacks sufficient information or belief as to paragraph 35, and on that basis, denies paragraph 35.

DEFENDANT NAEEM AKRAM'S
ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES FOR
COPYRIGHT INFRINGEMENT,
UNFAIR COMPETITION, CONVERSION,
AND FOR INJUNCTIVE AND DECLARATORY RELIEF
AS APPROPRIATE THERETO. DEMAND FOR JURY TRIAL

5

36. The allegations in paragraph 36 are legal conclusions, thus no answer is required. To the extent that these allegations are considered factual, Defendant denies such allegations.

**AFFIRMATIVE DEFENSES**

Defendant pleads the following affirmative defenses to the Complaint and each cause of action therein:

FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to constitute any cause of action upon which relief may be granted against this answering Defendant.

SECOND AFFIRMATIVE DEFENSE

This action is barred by the applicable statute of limitations, including but not limited to those set forth in 28 U.S.C. § 2415.

THIRD AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages, if any there were, and such failure has proximately and concurrently contributed to the happening of events referred to in the Complaint and the damages alleged, if any there were.

FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that the sole and/or partial proximate cause of the incident was due to the intervening or superseding acts or omissions of other persons and other

DEFENDANT NAEEM AKRAM'S
ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES FOR
COPYRIGHT INFRINGEMENT,
UNFAIR COMPETITION, CONVERSION,
AND FOR INJUNCTIVE AND DECLARATORY RELIEF
AS APPROPRIATE THERETO. DEMAND FOR JURY TRIAL

6

parties. Through his conduct, Defendant is not responsible for the matters alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages are set-off or extinguished in that the injuries of Plaintiff were also caused, contributed to, or aggravated by, Plaintiff's own acts, and Defendant is entitled to have any award or recovery against him reduced or barred accordingly.

### SEVENTH AFFIRMATIVE DEFENSE

By Plaintiff's own acts, conduct and omissions, Plaintiff has waived whatever rights it might have had based on the allegations of the Complaint against Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant hereby asserts the affirmative defense of in pari delicto.

### NINTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action therein, is barred by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

Any equitable relief sought herein is barred because Plaintiff has an adequate remedy at law.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action therein, is barred by the doctrine of unclean hands.

DEFENDANT NAEEM AKRAM'S
ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES FOR
COPYRIGHT INFRINGEMENT,
UNFAIR COMPETITION, CONVERSION,
AND FOR INJUNCTIVE AND DECLARATORY RELIEF
AS APPROPRIATE THERETO. DEMAND FOR JURY TRIAL

7

1                      <u>TWELFTH AFFIRMATIVE DEFENSE</u>

2         The Complaint, and each cause of action therein, is barred because Plaintiff

3 assumed the risk.

4                     <u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

5         Plaintiff is estopped from asserting the causes of action alleged, in that Plaintiff

6 knew, but failed to inform Defendant of issues pending in this matter.

9 WHEREFORE, Defendant prays as follows:

10     1.     That Plaintiff take nothing by reason of its Complaint, that judgment be

11             rendered in favor of Defendant;

12     2.     That Defendant be awarded costs of suit incurred in defense of this action;

13             and

14     3.     For such other relief as the Court deems proper.

Dated: December 10, 2007

                                         _____<u>**/S/**</u>_____
                                         LAW OFFICES OF MATTHEW J. WEBB
                                         BY:    Matthew J. Webb, Esq.
                                         Attorney for Defendant

**DEFENDANT NAEEM AKRAM'S**                       8
**ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES FOR**
**COPYRIGHT INFRINGEMENT,**
**UNFAIR COMPETITION, CONVERSION,**
**AND FOR INJUNCTIVE AND DECLARATORY RELIEF**
**AS APPROPRIATE THERETO. DEMAND FOR JURY TRIAL**

## SIGNATURE ATTESTATION

As the attorney efiling this document with the court, I hereby attest that I have on file all holograph signatures for any and all signatures indicated by a "conformed" signature (/S/) within this efiled document.

Dated: December 10, 2007          THE LAW OFFICES OF MATTHEW J. WEBB

**By:**_____ **/S/**_____
Matthew J. Webb, Esq.
Attorney for Defendant

DEFENDANT NAEEM AKRAM'S
ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES FOR
COPYRIGHT INFRINGEMENT,
UNFAIR COMPETITION, CONVERSION,
AND FOR INJUNCTIVE AND DECLARATORY RELIEF
AS APPROPRIATE THERETO. DEMAND FOR JURY TRIAL

9

# PROOF OF SERVICE BY MAIL

### C.C.P. 1013a, 2015.5

I declare that:

I am employed in the County of Alameda, California. I am over the age of eighteen years and not a party to the within cause; my business address is 409 13th Street, 17th Floor, Oakland, CA 94612. I am readily familiar with this Firm's practice for collection and processing of correspondence/ documents for mailing, by first class with postage fully prepaid thereon, with the United States Postal Service and that said correspondence/documents are deposited with the United States Postal Service in the ordinary course of business on the same day.

On December 10, 2007, 2007, I served:

**DEFENDANT NAEEM AKRAM'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES FOR COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, CONVERSION, AND FOR INJUNCTIVE RELIEF AND DECLARATORY RELIEF AS APPROPRIATE THERETO. DEMAND FOR JURY TRIAL**

on all parties in said cause by enclosing a true copy thereof in a sealed envelope and, following ordinary business practices, said envelope was placed for mailing and collection (in the offices of LAW OFFICES OF MATTHEW J. WEBB) in the appropriate place for mail collected for deposit with the United States Postal Service on the above date:

Kenneth H. Natkin, Esq.
LAW OFFICES OF KENNETH NATKIN
1901 Harrison Street, Ste. 900
Oakland, CA 94612

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on December 10, 2007, at Oakland, California.

                                     __///s///_____
                                         Amelia Dang