Matthew J. Webb, State Bar #148228
LAW OFFICES OF MATTHEW J. WEBB
409 13th Street, 17th Floor
Oakland, California 94612
Telephone: (510) 444-4224
Facsimile: (510) 444-4223

Attorney for Defendant
Inderjit Chada

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BILL POON & COMPANY, ARCHITECTS, INC. ) ) Plaintiff, ) ) v. ) ) KHALIL BAFAIZ, an individual, NABIL W. TAOVIL, an individual, G.A.R.S., Incorporated, a California Corporation, GEORGE G. PAVANA, an individual, INDERJIT CHADHA, an individual, NAEEM AKRAM, an individual, and DOES 1 through 20, inclusive, ) ) ) ) ) ) ) ) ) ) Defendants. ) ) ) | Case No. C07-05566 PJH **DEFENDANT INDERJIT CHADA'S ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES FOR COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, CONVERSION, AND FOR INJUNCTIVE AND DECLARATORY RELIEF AS APPROPRIATE THERETO. DEMAND FOR JURY TRIAL** |

Comes now, Inderjit Chada (herein after "Defendant"), answers Plaintiff's First Amended Complaint as follows:

1. In answering Paragraph 1, Defendant admits this Court has jurisdiction.

2. In answering Paragraph 2, Defendant admits that venue is proper.

3. In answering Paragraph 3, Defendant admits that this case is properly directed to the Oakland Division because the matters claimed arise in Alameda County.

4. Defendant lacks sufficient information or belief as to paragraph 4, and on that basis, denies paragraph 4.

5. Defendant lacks sufficient information or belief as to paragraph 5, and on that basis, denies paragraph 5.

6. Defendant lacks sufficient information or belief as to paragraph 6, and on that basis, denies paragraph 6.

7. Defendant lacks sufficient information or belief as to paragraph 7, and on that basis, denies paragraph 7.

8. Defendant lacks sufficient information or belief as to paragraph 8, and on that basis, denies paragraph 8.

9. Defendant admits paragraph 9.

10. Defendant lacks sufficient information or belief as to paragraph 10, and on that basis, denies paragraph 10.

11. Defendant lacks sufficient information or belief as to paragraph 11, and on that basis, denies paragraph 11.

12. Defendant lacks sufficient information or belief as to paragraph 12, and on that basis, denies paragraph 12.

DEFENDANT INDERJIT CHADA'S
ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES FOR
COPYRIGHT INFRINGEMENT,
UNFAIR COMPETITION, CONVERSION,
AND FOR INJUNCTIVE AND DECLARATORY RELIEF
AS APPROPRIATE THERETO. DEMAND FOR JURY TRIAL

2

13. Defendant lacks sufficient information or belief as to paragraph 13, and on that basis, denies paragraph 13.

14. Defendant lacks sufficient information or belief that POON prepared documents for the design and construction of the residence to be built at 25289 Campus Drive, and that these drawings bear a revision date of October 28, 2005. Defendant denies that POON prepared drawings for the residence to be constructed at 25273 Campus Drive.

15. Defendant lacks sufficient information or belief as to paragraph 15, and on that basis, denies paragraph 15.

16. The allegations in paragraph 16 stating that "[e]ach sheet of Architectural Drawings created and prepared by POON constitutes copyright laws of the United States, as is the Architectural Work embodied therein," are legal conclusions, thus no answer is required. To the extent that these allegations are considered factual, Defendant denies such allegations. Defendant lacks sufficient information or belief as to whether "[e]ach sheet of drawings bore the following notice: © 2005 Bill Poon."

17. Defendant lacks sufficient information or belief as to paragraph 17, and on that basis, denies paragraph 17.

18. Defendant lacks sufficient information or belief as to paragraph 18, and on that basis, denies paragraph 18.

19. Defendant lacks sufficient information or belief as to paragraph 19, and on that basis, denies paragraph 19.

20. In answering paragraph 20, Defendant admits the residence at 25289 Campus Drive is currently under construction.

21. In answering paragraph 21, Defendant denies that the construction has not yet begun on residence at 25273 Campus Drive. Grading and other portions of the construction have begun.

**FIRST CAUSE OF ACTION**

22. Paragraph 22 is incorporated by reference.

23. Defendant denies paragraph 23.

24. Defendant lacks sufficient information or belief as to paragraph 24, and on that basis, denies paragraph 24.

25. Defendant lacks sufficient information or belief as to paragraph 25, and on that basis, denies paragraph 25.

26. Defendant lacks sufficient information or belief as to paragraph 26, and on that basis, denies paragraph 26.

27. Defendant lacks sufficient information or belief as to paragraph 27, and on that basis, denies paragraph 27.

28. Defendant lacks sufficient information or belief as to paragraph 28, and on that basis, denies paragraph 28.

29. Defendant lacks sufficient information or belief as to paragraph 29, and on that basis, denies paragraph 29.

30. Defendant lacks sufficient information or belief as to paragraph 30, and on that basis, denies paragraph 30.

DEFENDANT INDERJIT CHADA'S
ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES FOR
COPYRIGHT INFRINGEMENT,
UNFAIR COMPETITION, CONVERSION,
AND FOR INJUNCTIVE AND DECLARATORY RELIEF
AS APPROPRIATE THERETO. DEMAND FOR JURY TRIAL

4

31. Defendant lacks sufficient information or belief as to paragraph 31, and on that basis, denies paragraph 31.

32. The allegations in paragraph 32 are legal conclusions, thus no answer is required. To the extent that these allegations are considered factual, Defendant denies such allegations.

33. The allegations in paragraph 33 are legal conclusions, thus no answer is required. To the extent that these allegations are considered factual, Defendant denies such allegations.

34. The allegations in paragraph 34 are legal conclusions, thus no answer is required. To the extent that these allegations are considered factual, Defendant denies such allegations.

35. The allegations in paragraph 35 are legal conclusions, thus no answer is required. To the extent that these allegations are considered factual, Defendant denies such allegations

36. The allegations in paragraph 36 are legal conclusions, thus no answer is required. To the extent that these allegations are considered factual, Defendant denies such allegations.

**SECOND CAUSE OF ACTION**

37. Paragraph 37 is incorporated by reference.

38. The allegations in paragraph 38 are legal conclusions, thus no answer is required. To the extent that these allegations are considered factual, Defendant denies such allegations.

DEFENDANT INDERJIT CHADA'S
ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES FOR
COPYRIGHT INFRINGEMENT,
UNFAIR COMPETITION, CONVERSION,
AND FOR INJUNCTIVE AND DECLARATORY RELIEF
AS APPROPRIATE THERETO. DEMAND FOR JURY TRIAL

5

39. The allegations in paragraph 39 are legal conclusions, thus no answer is required. To the extent that these allegations are considered factual, Defendant denies such allegations.

40. The allegations in paragraph 40 are legal conclusions, thus no answer is required. To the extent that these allegations are considered factual, Defendant denies such allegations.

41. The allegations in paragraph 41 are legal conclusions, thus no answer is required. To the extent that these allegations are considered factual, Defendant denies such allegations.

## THIRD CAUSE OF ACTION

42. Paragraph 42 is incorporated by reference.

43. Defendant lacks sufficient information or belief as to paragraph 43, and on that basis, denies paragraph 43.

44. The allegation that Defendant converted the property calls for a legal conclusion, thus no answer is required. To the extent that this allegation is considered factual, Defendant denies such allegation.

45. The allegation that Defendant converted the property calls for a legal conclusion, thus no answer is required. To the extent that this allegation is considered factual, Defendant denies such allegation. Defendant lacks sufficient information and belief as to the remaining allegations in paragraph 45, and on that basis, denies the remaining allegations.

46. The allegations in paragraph 46 are legal conclusions, thus no answer is required. To the extent that these allegations are considered factual, Defendant denies such allegations.

47. Defendant lacks sufficient information and belief regarding any expended time and money spend by Plaintiff, and on that basis, denies said allegation. The remaining allegations of paragraph 47 are legal conclusions, thus no answer is required. To the extent that these allegations are considered factual, Defendant denies such allegations.

48. The first two sentences of paragraph 48 call for legal conclusions, thus no answer is required. To the extent that these allegations are considered factual, Defendant denies such allegations. The remaining allegation of paragraph 48 is a request for a legal remedy, as such no answer is required. To the extent that the remaining allegation is considered factual, Defendant denies such allegation.

49. The first two sentences of paragraph 49 call for legal conclusions, thus no answer is required. To the extent that these allegations are considered factual, Defendant denies such allegations. The remaining allegation of paragraph 49 is a request for a legal remedy, as such no answer is required. To the extent that the remaining allegation is considered factual, Defendant denies such allegation.

## AFFIRMATIVE DEFENSES

Defendant pleads the following affirmative defenses to the First Amended Complaint and each cause of action therein:

DEFENDANT INDERJIT CHADA'S
ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES FOR
COPYRIGHT INFRINGEMENT,
UNFAIR COMPETITION, CONVERSION,
AND FOR INJUNCTIVE AND DECLARATORY RELIEF
AS APPROPRIATE THERETO. DEMAND FOR JURY TRIAL

7

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to constitute any cause of action upon which relief may be granted against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

This action is barred by the applicable statute of limitations, including but not limited to those set forth in 28 U.S.C. § 2415.

### THIRD AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages, if any there were, and such failure has proximately and concurrently contributed to the happening of events referred to in the Complaint and the damages alleged, if any there were.

### FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that the sole and/or partial proximate cause of the incident was due to the intervening or superseding acts or omissions of other persons and other parties. Through his conduct, Defendant is not responsible for the matters alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages are set-off or extinguished in that the injuries of Plaintiff were also caused, contributed to, or aggravated by, Plaintiff's own acts, and Defendant is entitled to have any award or recovery against him reduced or barred accordingly.

DEFENDANT INDERJIT CHADA'S
ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES FOR
COPYRIGHT INFRINGEMENT,
UNFAIR COMPETITION, CONVERSION,
AND FOR INJUNCTIVE AND DECLARATORY RELIEF
AS APPROPRIATE THERETO. DEMAND FOR JURY TRIAL

8

## SEVENTH AFFIRMATIVE DEFENSE

By Plaintiff's own acts, conduct and omissions, Plaintiff has waived whatever rights it might have had based on the allegations of the Complaint against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant hereby asserts the affirmative defense of in pari delicto.

## NINTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action therein, is barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

Any equitable relief sought herein is barred because Plaintiff has an adequate remedy at law.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action therein, is barred by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action therein, is barred because Plaintiff assumed the risk.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting the causes of action alleged, in that Plaintiff knew, but failed to inform Defendant of issues pending in this matter.

WHEREFORE, Defendant prays as follows:

DEFENDANT INDERJIT CHADA'S
ANSWER TO FIRST AMENDED COMPLAINT FOR DAMAGES FOR
COPYRIGHT INFRINGEMENT,
UNFAIR COMPETITION, CONVERSION,
AND FOR INJUNCTIVE AND DECLARATORY RELIEF
AS APPROPRIATE THERETO. DEMAND FOR JURY TRIAL

1. That Plaintiff take nothing by reason of its Complaint, that judgment be rendered in favor of Defendant;

2. That Defendant be awarded costs of suit incurred in defense of this action; and

3. For such other relief as the Court deems proper.

Dated:  December 19, 2007

                                  **/S/**
LAW OFFICES OF MATTHEW J. WEBB
BY:   Matthew J. Webb, Esq.
Attorney for Defendant

## **SIGNATURE ATTESTATION**

As the attorney efiling this document with the court, I hereby attest that I have on file all holograph signatures for any and all signatures indicated by a "conformed" signature (/S/) within this efiled document.

Dated: December 19, 2007       THE LAW OFFICES OF MATTHEW J. WEBB

                                  **By:_____ /S/_____**
Matthew J. Webb, Esq.
Attorney for Defendant