Matthew J. Webb, State Bar #148228
LAW OFFICES OF MATTHEW J. WEBB
409 13th Street, 17th Floor
Oakland, California 94612
Telephone: (510) 444-4224
Facsimile: (510) 444-4223

Attorney for Defendant
Khalil Bafaiz

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BILL POON & COMPANY, ARCHITECTS, INC.<br><br>          Plaintiff,<br><br>v.<br><br>KHALIL BAFAIZ, an individual, NABIL W. TAOVIL, an individual, G.A.R.S., Incorporated, a California Corporation, GEORGE G. PAVANA, an individual, INDERJIT CHADHA, an individual, NAEEM AKRAM, an individual, and DOES 1 through 20, inclusive,<br><br>          Defendants.<br>_____<br>KHALIL BAFAIZ,<br><br>          Cross-Claimant,<br><br>v.<br><br>MELISSA CHAVIS, an individual, NABIL W. TAOVIL, an individual, G.A.R.S., Incorporated, a California Corporation, GEORGE G. PAVANA, an individual,<br><br>          Cross-Defendants.<br>_____ | Case No. C07-05566 PJH<br><br>ANSWER AND CROSS CLAIM OF DEFENDANT KHALIL BAFAIZ<br><br>**Jury Trial Demanded** |

**ANSWER AND CROSS CLAIM OF DEFENDANT KHALIL BAFAIZ**     1

)

Comes now, Khalil Bafaiz (herein after "Defendant"), answers Plaintiff's First Amended Complaint as follows:

1. In answering Paragraph 1, Defendant admits this Court has jurisdiction.
2. In answering Paragraph 2, Defendant admits that venue is proper.
3. In answering Paragraph 3, Defendant admits that this case is properly directed to the Oakland Division because the matters claimed arise in Alameda County.
4. Defendant lacks sufficient information or belief as to paragraph 4, and on that basis, denies paragraph 4.
5. Defendant admits he lives in Tracy, California, but denies that he is a real estate developer. Defendant admits that pursuant to Vacant Land Purchase Agreements dates on or about April 26, 2006, he entered into an agreement to purchase two adjoining real properties, commonly known as 25289 Campus Drive and 25273 Campus Drive, in the City of Hayward, County of Alameda, State of California, (hereinafter collectively referred to as the "Properties") from Cross Defendant, MELISSA A. CHAVIS (hereinafter referred to as CHAVIS).
6. In answering Paragraph 6, Defendant lacks sufficient information or belief in regard to whether defendant TAOVIL is a real estate salesperson duly licensed in the State of California. Defendant lacks sufficient information and belief in regard to whether defendant TAOVIL represented both defendant AKRAM as an initial Offeror to purchase the Properties and CHAVIS Seller. Defendant admits that

**ANSWER AND CROSS CLAIM OF DEFENDANT KHALIL BAFAIZ**                   2

defendant TAOVIL subsequently represented both defendant BAFAIZ and CHAVIS in the transaction.

7. Defendant lacks sufficient information or belief as to paragraph 7, and on that basis, denies paragraph 7.

8. Defendant lacks sufficient information or belief as to paragraph 8, and on that basis, denies paragraph 8.

9. Defendant lacks sufficient information or belief as to paragraph 9, and on that basis, denies paragraph 9.

10. Defendant lacks sufficient information or belief as to paragraph 10, and on that basis, denies paragraph 10.

11. Defendant lacks sufficient information or belief as to paragraph 11, and on that basis, denies paragraph 11.

12. Defendant lacks sufficient information or belief as to paragraph 12, and on that basis, denies paragraph 12.

13. Defendant lacks sufficient information or belief as to paragraph 13, and on that basis, denies paragraph 13.

14. Defendant lacks sufficient information or belief as to paragraph 14, and on that basis, denies paragraph 14.

15. Defendant lacks sufficient information or belief as to paragraph 15, and on that basis, denies paragraph 15.

16. The allegations in paragraph 16 stating that "[e]ach sheet of Architectural Drawings created and prepared by POON constitutes copyright laws of the United States, as is the Architectural Work embodied therein," are legal

**ANSWER AND CROSS CLAIM OF DEFENDANT KHALIL BAFAIZ**  3

conclusions, thus no answer is required. To the extent that these allegations are considered factual, Defendant denies such allegations. Defendant lacks sufficient information or belief as to whether "[e]ach sheet of drawings bore the following notice: © 2005 Bill Poon."

17. Defendant lacks sufficient information or belief as to paragraph 17, and on that basis, denies paragraph 17.

18. Defendant lacks sufficient information or belief as to paragraph 18, and on that basis, denies paragraph 18.

19. Defendant lacks sufficient information or belief as to paragraph 19, and on that basis, denies paragraph 19.

20. In answering paragraph 20, Defendant admits the residence at 25289 Campus Drive is currently under construction.

21. In answering paragraph 21, Defendant denies that the construction at has not yet begun on residence at 25273 Campus Drive. Grading and other portions of the construction have begun.

## FIRST CAUSE OF ACTION

22. Paragraph 22 is incorporated by reference.

23. Defendant lacks sufficient information or belief as to paragraph 23, and on that basis, denies paragraph 23.

24. Defendant lacks sufficient information or belief as to paragraph 24, and on that basis, denies paragraph 24.

**ANSWER AND CROSS CLAIM OF DEFENDANT KHALIL BAFAIZ**   4

25. Defendant admits that he received a letter dated on or about January 26, 2007 from plaintiff Poon delineating the statements made in paragraph 25 of this First Amended Complaint.

26. Defendant denies paragraph 26.

27. Defendant lacks sufficient information or belief as to paragraph 27, and on that basis, denies paragraph 27.

28. In answering Paragraph 28, Defendant admits that defendant AKRAM has been acting as the general contractor engaged by Defendant to construct the residence at 25289 Campus Drive. Defendant denies that in so constructing the residence, he distributed Plaintiff's copyrighted work. The remaining allegations of this paragraph are legal conclusions. To the extent that these allegations are considered factual, Defendant denies such allegations.

29. Defendant lacks sufficient information or belief as to paragraph 29, and on that basis, denies paragraph 29.

30. Defendant lacks sufficient information or belief as to all of the contents of paragraph 30, other than the last sentence. The remaining allegations of this paragraph are legal conclusions. To the extent that these allegations are considered factual, Defendant denies such allegations.

31. Defendant lacks sufficient information or belief as to paragraph 31, and on that basis, denies paragraph 31.

32. The allegations in paragraph 32 are legal conclusions, thus no answer is required. To the extent that these allegations are considered factual, Defendant denies such allegations.

33. The allegations in paragraph 33 are legal conclusions, thus no answer is required. To the extent that these allegations are considered factual, Defendant denies such allegations.

34. The allegations in paragraph 34 are legal conclusions, thus no answer is required. To the extent that these allegations are considered factual, Defendant denies such allegations.

35. The allegations in paragraph 35 are legal conclusions, thus no answer is required. To the extent that these allegations are considered factual, Defendant denies such allegations

36. The allegations in paragraph 36 are legal conclusions, thus no answer is required. To the extent that these allegations are considered factual, Defendant denies such allegations.

**THIRD CAUSE OF ACTION**

42. Paragraph 42 is incorporated by reference.

43. Defendant denies paragraph 43. Defendant purchased 25289 Campus Drive for $235,000.00, and 25273 Campus Drive for $280,000.00. The latter property was purchased at a premium because it had an approved set of plans. CHAVIS represented that she could deliver the plans, and never indicated any impediment to delivery of the plans.

44. The allegation that Defendant converted the property calls for a legal conclusion, thus no answer is required. To the extent that this allegation is considered factual, Defendant denies such allegation.

**ANSWER AND CROSS CLAIM OF DEFENDANT KHALIL BAFAIZ**    6

45. The allegation that Defendant converted the property calls for a legal conclusion, thus no answer is required. To the extent that this allegation is considered factual, Defendant denies such allegation. Defendant lacks sufficient information and belief as to the remaining allegations in paragraph 45, and on that basis, denies the remaining allegations.

46. The allegations in paragraph 46 are legal conclusions, thus no answer is required. To the extent that these allegations are considered factual, Defendant denies such allegations.

47. Defendant lacks sufficient information and belief regarding any expended time and money spend by Plaintiff, and on that basis, denies said allegation. The remaining allegations of paragraph 47 are legal conclusions, thus no answer is required. To the extent that these allegations are considered factual, Defendant denies such allegations.

48. The first two sentences of paragraph 48 call for legal conclusions, thus no answer is required. To the extent that these allegations are considered factual, Defendant denies such allegations. The remaining allegation of paragraph 48 is a request for a legal remedy, as such no answer is required. To the extent that the remaining allegations are considered factual, Defendant denies such allegations.

## AFFIRMATIVE DEFENSES

Defendant pleads the following affirmative defenses to the First Amended Complaint and each cause of action therein:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to constitute any cause of action upon which relief may be granted against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

This action is barred by the applicable statute of limitations, including but not limited to those set forth in 28 U.S.C. § 2415.

### THIRD AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages, if any there were, and such failure has proximately and concurrently contributed to the happening of events referred to in the Complaint and the damages alleged, if any there were.

### FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that the sole and/or partial proximate cause of the incident was due to the intervening or superseding acts or omissions of other persons and other parties. Through his conduct, Defendant is not responsible for the matters alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages are set-off or extinguished in that the injuries of Plaintiff were also caused, contributed to, or aggravated by, Plaintiff's own acts, and Defendant is entitled to have any award or recovery against him reduced or barred accordingly.

### SEVENTH AFFIRMATIVE DEFENSE

By Plaintiff's own acts, conduct and omissions, Plaintiff has waived whatever rights it might have had based on the allegations of the Complaint against Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant hereby asserts the affirmative defense of in pari delicto.

### NINTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action therein, is barred by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

Any equitable relief sought herein is barred because Plaintiff has an adequate remedy at law.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action therein, is barred by the doctrine of unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint, and each cause of action therein, is barred because Plaintiff assumed the risk.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting the causes of action alleged, in that Plaintiff knew, but failed to inform Defendant of issues pending in this matter.

### CROSS CLAIM AGAINST MELISSA CHAVIS
**(Contribution and Indemnity)**

ANSWER AND CROSS CLAIM OF DEFENDANT KHALIL BAFAIZ       9

49. This Court has jurisdiction of this cross-claim under 28 U.S.C. § 1367(a) because it arises out of the same transaction and occurrence alleged in the complaint so as to form a part of the same case or controversy within the meaning of Article III of the United States Constitution.

50. Cross-claimant KHALIL BAFAIZ is informed and believes, and thereon alleges, that cross-defendant CHAVIS is an individual residing in Alameda County.

51. On or about April 26, 2006, cross-claimant and CHAVIS entered into a two separate Vacant Land Purchase Agreements, whereby cross-claimant was to purchase 25289 Campus Drive for $235,000.00, and 25273 Campus Drive for $280,000.00. Attached hereto and marked Exhibit "1" is a true and correct copy of the Agreement for 25289 Campus Drive. Attached hereto and marked Exhibit "2" is a true and correct copy of the Agreement for 25273 Campus Drive. The latter property was purchased at a premium because it had an approved set of plans. CHAVIS represented that she could deliver the plans, and never indicated any impediment to delivery of the plans. Attached hereto and marked Exhibit "3" is a true and correct copy of the documents delivered by seller CHAVIS to buyer BAFAIZ, including all plans for a single-family residence at 25273 Campus Drive.

52. Cross-claimant BAFAIZ is entitled to contribution toward or indemnity from CHAVIS for any liability that may be found to exist from cross-claimant to plaintiff in this action as a result of the occurrence made the basis of plaintiff's suit.

53. The basis for contribution and indemnity is that CHAVIS is wholly responsible or responsible in substantial part for the injuries or damages alleged by plaintiff in his complaint.

54. Plaintiff contends that BAFAIZ and/or his agents obtained and are using copyrighted material belonging to plaintiff in violation of statute.

55. In his cross-claim, BAFAIZ contends that the sole, or in the alternative, a substantial proximate cause of plaintiff's injuries were the result of the conduct of CHAVIS, and not any act, failure to act, conduct or condition of BAFAIZ.

56. If liability is not imposed on cross-claimant because the matters alleged in the pleadings were found to be unfounded or not proven, CHAVIS has a legal and equitable obligation to reimburse cross-claimant for his attorney fees, both in defending the underlying action and asserting his claims for indemnification.

57. Therefore, under general equitable principles and the rules of law governing the action, BAFAIZ is entitled to indemnity, or in the alternative, to contribution from CHAVIS for his share of the responsibility for the injuries or damages to plaintiffs as determined by the trier of fact.

Wherefore, Cross-Claimant prays for judgment as set forth below.

**CROSS CLAIM AGAINST DEFENDANTS TAOVIL, G.A.R.S., INC., and PAVANA**
(Contribution and Indemnity)

58. Cross-claimant Portik is entitled to contribution toward or indemnity from TAOVIL, G.A.R.S., INC., and PAVANA (hereinafter collectively referred to as

"TAOVIL") for any liability that may be found to exist from cross-claimant to plaintiff in this action as a result of the occurrence made the basis of plaintiff's suit.

59. The basis for contribution and indemnity is that TAOVIL is wholly responsible or responsible in substantial part for the injuries or damages alleged by plaintiffs in their complaint.

60. Plaintiff contends that BAFAIZ and/or his agents obtained and are using copyrighted material belonging to plaintiff in violation of statute. BAFAIZ contends that, if such materials are wrongfully used, and if Pruit is found to be Portik's agent, it was done on the express and/or implied representations of TAOVIL that he was authorized to receive and/or use such materials.

61. In his cross-claim, BAFAIZ contends that the sole, or in the alternative, a substantial proximate cause of plaintiffs' injuries were the result of the conduct of TAOVIL, and not any act, failure to act, conduct or condition of BAFAIZ.

62. If liability is not imposed on cross-claimant because the matters alleged in the pleadings were found to be unfounded or not proven, TAOVIL has a legal and equitable obligation to reimburse cross-claimant for his attorney fees, both in defending the underlying action and asserting his claims for indemnification.

63. Therefore, under general equitable principles and the rules of law governing the action, BAFAIZ is entitled to indemnity, or in the alternative, to contribution from TAOVIL for his share of the responsibility for the injuries or damages to plaintiffs as determined by the trier of fact.

///

WHEREFORE, Defendant prays as follows:

1. That plaintiff take nothing by way of his complaint.

2. That defendant BAFAIZ be awarded his costs of suit.

3. That cross-claimant BAFAIZ be awarded his attorney fees and costs against CHAVIS, regardless of whether any judgment is had by plaintiff.

4. That if any judgment is entered in this action against BAFAIZ in favor of plaintiff, that defendant BAFAIZ be recover from and be indemnified by CHAVIS, or, in the alternative, that BAFAIZ have judgment against CHAVIS for contribution according to respective percentages of responsibility, as determined by the trier of fact.

5. That cross-claimant BAFAIZ be awarded his attorney fees and costs against defendant TAOVIL, regardless of whether any judgment is had by plaintiffs.

6. That if any judgment is entered in this action against BAFAIZ in favor of plaintiffs, that cross-claimant BAFAIZ recover from and be indemnified by TAOVIL, or, in the alternative, that BAFAIZ have judgment against TAOVIL for contribution according to respective percentages of responsibility, as determined by the trier of fact

7. For such other and further relief as this Court deems just and appropriate.

Dated: December 19, 2007

                                          /S/
LAW OFFICES OF MATTHEW J. WEBB
BY:    Matthew J. Webb, Esq.
Attorney for Defendant

///

///

///

ANSWER AND CROSS CLAIM OF
DEFENDANT KHALIL BAFAIZ            13

## SIGNATURE ATTESTATION

As the attorney efiling this document with the court, I hereby attest that I have on file all holograph signatures for any and all signatures indicated by a "conformed" signature (/S/) within this efiled document.

Dated: December 19, 2007        THE LAW OFFICES OF MATTHEW J. WEBB

**By:**_____ **/S/**_____
Matthew J. Webb, Esq.
Attorney for Defendant

**ANSWER AND CROSS CLAIM OF
DEFENDANT KHALIL BAFAIZ**                    14