GERALD W. FILICE, State Bar No. 99657
FILICE LAW OFFICES
195 Cadillac Drive
Sacramento, California 95825
Telephone: (916) 920-2800

Attorneys for Defendants G.A.R.S INCORPORATED,
GEORGE PAVANA and NABIL TAOVIL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| Plaintiff: BILL POON & COMPANY ARCHITECTS, INC. | Case No. C07-05566 PJH |
| v. | **CROSS-COMPLAINT** |
| Defendants: KHALIL BAFAIZ, et al. | <u>Jury Trial Demanded</u> |
| _____/ | |
| Cross-complainants: G.A.R.S. INCORPORATED; NABIL TAOVIL | |
| v. | |
| Cross-defendant: MELISSA CHAVIS | |
| _____/ | |

COME NOW defendants G.A.R.S. INCORPORATED, GEORGE PAVANA and NABIL TAOVIL, and cross-complain as follows:

**JURISDICTION AND VENUE**

1. Cross-complainants have been sued by plaintiff BILL POON & COMPANY ARCHITECTS, INC., a copy of which First Amended Complaint is incorporated herein by reference without admitting any of the allegations therein. This Court has jurisdiction of the claims made in this Cross-complaint on the basis of the Court's supplemental jurisdiction

under 28 U.S.C. §1367, since they arise out of the same transaction and set of circumstances such that they form part of the same case or controversy.

### FIRST CAUSE OF ACTION
### (Declaratory Relief regarding Indemnity, against Defendant CHAVIS)

2. Cross-complainants reallege and incorporate herein by reference paragraph 1 of this Cross-complaint.

3. Cross-defendant MELISSA CHAVIS is an individual residing in Alameda County, California.

4. On or about October 31, 2005, MELISSA CHAVIS, who at that time owned the properties located at 25289 and 25273 Campus Drive, Hayward, California, listed the properties for sale with cross-complainant G.A.R.S. INCORPORATED, a real estate broker licensed in the State of California, through its agent NABIL TAOVIL, a licensed real estate sales person. As a result, MELISSA CHAVIS had an obligation to truthfully disclose to cross-complainants any issue which might reasonably affect the marketing of the property. Moreover, the listing contract provides in pertinent part:

> "Owner further agrees to indemnify, defend and hold Broker harmless from all claims, disputes, litigation, judgments and attorney fees arising from any incorrect information supplied by Owner, or from any material facts that Owner knows but fails to disclose."

5. From October 31, 2005, until May 22, 2006, MELISSA CHAVIS repeatedly represented to cross-complainants and to others, in writing and verbally, that she had the right to sell all reports and plans, including construction drawings, that she possessed regarding the properties. Among the written representations were the following:

A. MELISSA CHAVIS signed an agreement for the sale of the properties to a third party buyer on or about November 29, 2005, which expressly included all reports and documents, without added cost.

B. On April 14, 2006, in connection with a then-pending contract between her and

Naeem Akram, MELISSA CHAVIS demanded an additional $5,000 to include such plans and reports with the sale of the real property.

    C. In June 2006, MELISSA CHAVIS agreed to close escrow with defendant Khalil Bafaiz on the sale of the real properties, and included in said transaction all the plans and reports regarding the properties.

    6. In making the above representations, and the others alleged above, MELISSA CHAVIS either made them knowing them to be false; or negligently made the representations without sufficient information to know whether they were true or untrue; or concealed and failed to disclose to cross-complainants the alleged fact (as now claimed by plaintiff herein) that she did not own the plans and reports and had no right to provide them to a buyer of the property for the buyer's use.

    7. Cross-complainants believed the representations of MELISSA CHAVIS, and reasonably relied thereon to their detriment by proceeding to render services as a real estate broker and sales person in the transaction, and delivering copies of said documents to buyers as requested by MELISSA CHAVIS. As a result of cross-complainants' participation in that capacity in the transaction, cross-complainants have now been sued, and are incurring damages in the form of attorney's fees and expenses, as well as any potential settlement, award or judgment which may be rendered in favor of the plaintiff or other party in this action.

    8. A dispute has arisen between cross-complainants and MELISSA CHAVIS over liability for these claims and costs and expenses. Cross-complainants are entitled to a declaration that MELISSA CHAVIS is liable to indemnify them against all their costs, attorney's fees, liabilities, claims and judgments which they may incur in this matter. The total amount of such damages has not yet been ascertained, but will be proven at trial.

    WHEREFORE, cross-complainants pray for judgment as follows:

    1. For an award of all their costs, attorney's fees, other defense costs incurred in this action.

1  2. For a judgment indemnifying cross-complainants, or any of them, from any judgment, award or settlement incurred by cross-complainants in this or the main action.

3. For costs of suit and attorney's fees.

4. For such other and further relief as the Court may deem just and proper.

Date: January 17, 2008        FILICE LAW OFFICES

/s/ Gerald W. Filice

_____
GERALD W. FILICE
Attorney for Defendants
G.A.R.S. INCORPORATED,
GEORGE PAVANA and
NABIL TAOVIL