GERALD W. FILICE, State Bar No. 99657
FILICE LAW OFFICES
195 Cadillac Drive
Sacramento, California 95825
Telephone: (916) 920-2800

Attorneys for Defendants G.A.R.S INCORPORATED,
GEORGE PAVANA and NABIL TAOVIL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| Plaintiff: BILL POON & COMPANY ARCHITECTS, INC.<br><br>v.<br><br>Defendants: KHALIL BAFAIZ, et al. | Case No. C07-05566 PJH<br><br>ANSWER TO FIRST AMENDED COMPLAINT<br><br>Jury Trial Demanded |

COME NOW defendants G.A.R.S. INCORPORATED, GEORGE PAVANA and NABIL TAOVIL, and answer the First Amended Complaint herein of plaintiff BILL POON & COMPANY ARCHITECTS, INC., as follows:

1. In answering paragraph 1, defendants admit the allegations therein.

2. In answering paragraph 2, defendants admit the allegations therein.

3. In answering paragraph 3, defendants admit the allegations therein.

4. In answering paragraph 4, defendants have no information or belief as to the truth or falsity of the allegations therein, and on that basis deny said allegations.

5. In answering paragraph 4, defendants admit that defendant BAFAIZ purchased the properties known as 25289 and 25273 Campus Drive, Hayward, California, from the seller, cross-defendant MELISSA CHAVIS. As to the balance of the allegations, defendants have

1 no information or belief as to the truth or falsity of the allegations therein, and on that basis
2 deny said allegations.

3     6.  In answering paragraph 6, defendants admit the allegations therein.

4     7.  In answering paragraph 7, defendants deny that its principal place of business is
5 2610 Crow Canyon Road, San Ramon, California, and further deny that G.A.R.S.
6 INCORPORATED is the "employer" of defendant NABIL TAOVIL.  Defendants have no
7 information or belief as to the truth or falsity of the allegation that defendant G.A.R.S.
8 INCORPORATED is responsible for the acts, if any, of defendant NABIL TAOVIL, or that any
9 complained of acts were within the scope of his "employment," and on that basis denies said
10 allegations.  Defendants admit the balance of the allegations in paragraph 7.

11     8.  In answering paragraph 8, defendants admit the allegations therein.

12     9.  In answering paragraph 9, defendants have no information or belief as to the truth
13 or falsity of the allegations therein, and on that basis deny said allegations.

14     10. In answering paragraph 10, defendants have no information or belief as to the
15 truth or falsity of the allegations therein, and on that basis deny said allegations.

16     11. In answering paragraph 11, defendants have no information or belief as to the
17 truth or falsity of the allegations therein, and on that basis deny said allegations.

18     12. In answering paragraph 12, defendants have no information or belief as to the
19 truth or falsity of the allegations therein, and on that basis deny said allegations.

20     13. In answering paragraph 13, defendants have no information or belief as to the
21 truth or falsity of the allegations therein, and on that basis deny said allegations.

22     14. In answering paragraph 14, defendants have no information or belief as to the
23 truth or falsity of the allegations therein, and on that basis deny said allegations.

24     15. In answering paragraph 15, defendants have no information or belief as to the
25 truth or falsity of the allegations therein, and on that basis deny said allegations.

26     16. In answering paragraph 16, defendants deny that each sheet of drawings

1  apparently prepared by plaintiff bore the notice: "© 2005 Bill Poon". As to the balance of the
2  allegations in the paragraph, defendants have no information or belief as to the truth or falsity
3  of the allegations therein, and on that basis deny said allegations.

4        17. In answering paragraph 17, defendants admit that a statement similar (but not
5  identical) to the purported notice in quotes in paragraph 17 appears on page 13 of certain
6  drawings apparently prepared by Bill Poon & Company Architects, Inc. Defendants deny that
7  Bill Poon never gave approval for reproduction and use of the materials. Defendants have
8  no information or belief as to the truth or falsity of the balance of the allegations therein, and
9  on that basis deny said allegations.

10        18. In answering paragraph 18, defendants have no information or belief as to the
11  truth or falsity of the allegations therein, and on that basis deny said allegations.

12        19. In answering paragraph 19, defendants have no information or belief as to the
13  truth or falsity of the allegations therein, and on that basis deny said allegations.

14        20. In answering paragraph 20, defendants admit the allegations therein.

15        21. In answering paragraph 21, defendants have no information or belief as to the
16  truth or falsity of the allegations therein, and on that basis deny said allegations.

17        22. In answering paragraph 22, defendants have no information or belief as to the
18  truth or falsity of the allegations therein, and on that basis deny said allegations.

19        23. In answering paragraph 23, defendants have no information or belief as to the
20  truth or falsity of the allegations therein, and on that basis deny said allegations.

21        24. In answering paragraph 24, defendants have no information or belief as to the
22  truth or falsity of the allegations therein, and on that basis deny said allegations.

23        25. In answering paragraph 25, defendants have no information or belief as to the
24  truth or falsity of the allegations therein, and on that basis deny said allegations.

25        26. In answering paragraph 26, defendants have no information or belief as to the
26  truth or falsity of the allegations therein, and on that basis deny said allegations.

1    27. In answering paragraph 27, defendants admit the allegations of the first sentence of the paragraph, and also that the sale to Akram was not consummated.  Defendants admit that on April 14, 2006, Melissa Chavis presented to defendants and to Akram an Addendum proposing that Chavis would sell a complete set of construction drawings and other items to Akram for an additional $5,000.  Defendants deny the balance of the allegations in the paragraph.

28.  In answering paragraph 28, defendants have no information or belief as to the truth or falsity of the allegations therein, and on that basis deny said allegations.

29.  In answering paragraph 29, defendants have no information or belief as to the truth or falsity of the allegations therein, and on that basis deny said allegations.

30.  In answering paragraph 30, defendants deny the allegations therein.

31.  In answering paragraph 31, defendants deny the allegations therein.

32.  In answering paragraph 32, defendants deny that they have contributed to or conspired with anyone regarding any alleged infringement, or wrongfully or unlawfully derived income and profits therefrom.  Defendants have no information or belief as to the truth or falsity of the balance of the allegations therein, and on that basis deny said allegations.

33.  In answering paragraph 33, defendants have no information or belief as to the truth or falsity of the allegations therein, and on that basis deny said allegations.

34.  In answering paragraph 34, defendants have no information or belief as to the truth or falsity of the allegations therein, and on that basis deny said allegations.

35.  In answering paragraph 35, defendants have no information or belief as to the truth or falsity of the allegations therein, and on that basis deny said allegations.

36.  In answering paragraph 36, defendants have no information or belief as to the truth or falsity of the allegations therein, and on that basis deny said allegations.

37.  In answering paragraph 37, defendants have no information or belief as to the truth or falsity of the allegations therein, and on that basis deny said allegations.

1    38. In answering paragraph 38, defendants have no information or belief as to the
2    truth or falsity of the allegations therein, and on that basis deny said allegations.
3    39. In answering paragraph 39, defendants have no information or belief as to the
4    truth or falsity of the allegations therein, and on that basis deny said allegations.
5    40. In answering paragraph 40, defendants have no information or belief as to the
6    truth or falsity of the allegations therein, and on that basis deny said allegations.
7    41. In answering paragraph 41, defendants have no information or belief as to the
8    truth or falsity of the allegations therein, and on that basis deny said allegations.
9    42. In answering paragraph 41, defendants have no information or belief as to the
10   truth or falsity of the allegations therein, and on that basis deny said allegations.
11   43. In answering paragraph 43, defendants have no information or belief as to the
12   truth or falsity of the allegations therein, and on that basis deny said allegations.
13   44. In answering paragraph 44, defendants have no information or belief as to the
14   truth or falsity of the allegations therein, and on that basis deny said allegations.
15   45. In answering paragraph 45, defendants have no information or belief as to the
16   truth or falsity of the allegations therein, and on that basis deny said allegations.
17   46. In answering paragraph 46, defendants have no information or belief as to the
18   truth or falsity of the allegations therein, and on that basis deny said allegations.
19   47. In answering paragraph 47, defendants have no information or belief as to the
20   truth or falsity of the allegations therein, and on that basis deny said allegations.
21   48. In answering paragraph 48, defendants have no information or belief as to the
22   truth or falsity of the allegations therein, and on that basis deny said allegations.
23   49. In answering paragraph 49, defendants have no information or belief as to the
24   truth or falsity of the allegations therein, and on that basis deny said allegations.
25   ///
26   ///

## AFFIRMATIVE DEFENSES

1. As and for a First, Separate and Affirmative Defense to the First Amended Complaint, and to each Cause of Action therein, these answering Defendants allege that the claims herein are barred by the applicable Statute of Limitations.

2, As and for a Second, Separate and Affirmative Defense to the First Amended Complaint, and to each Cause of Action therein, these answering Defendants allege that the claims of plaintiff herein are barred by the Doctrine of Laches.

3. As and for a Third, Separate and Affirmative Defense to the First Amended Complaint, and to each Cause of Action therein, these answering Defendants allege that the claims of plaintiff herein are barred by an accord and satisfaction.

4. As and for a Fourth, Separate and Affirmative Defense to the First Amended Complaint, and to each Cause of Action therein, these answering Defendants allege that the claims of plaintiff herein are barred by the Doctrine of Assumption of the Risk.

5. As and for a Fifth, Separate and Affirmative Defense to the First Amended Complaint, and to each Cause of Action therein, these answering Defendants allege that the claims of plaintiff herein are barred by the Doctrine of Comparative Negligence on the part of plaintiff and other parties.

6. As and for a Sixth, Separate and Affirmative Defense to the First Amended Complaint, and to each Cause of Action therein, these answering Defendants allege that the claims of plaintiff herein are barred by the Doctrine of Waiver.

7. As and for a Seventh, Separate and Affirmative Defense to the First Amended Complaint, and to each Cause of Action therein, these answering Defendants allege that the claims of plaintiff herein are barred by the Doctrine of Release.

8. As and for a Eighth, Separate and Affirmative Defense to the First Amended Complaint, and to each Cause of Action therein, these answering Defendants allege that the claims of plaintiff herein are barred by the Doctrine of Unclean Hands of the plaintiff.

1    9.  As and for a Ninth, Separate and Affirmative Defense to the First Amended Complaint, and to each Cause of Action therein, these answering Defendants allege that the claims of plaintiff herein are barred as a result of plaintiff having expressly or impliedly licensed the use of the claimed copyrighted materials.

10.  As and for a Tenth, Separate and Affirmative Defense to the First Amended Complaint, and to each Cause of Action therein, these answering Defendants allege that plaintiff is Estopped by his conduct from making the claims alleged in this action.

DEFENDANTS THEREFORE PRAY FOR JUDGMENT AS FOLLOWS:

1.  That plaintiff take nothing by his First Amended Complaint.

2.  That Judgment be entered in favor of these Answering Defendants and against all other parties.

3.  That no injunctive or other relief be granted to plaintiff.

4.  For an award of these Answering Defendants' reasonable attorney's fees incurred.

5.  For costs of suit.

6.  For such other and further relief as the Court may deem just and proper.

Date: January 17, 2008                FILICE LAW OFFICES

/s/ Gerald W. Filice

_____
GERALD W. FILICE
Attorney for Defendants
G.A.R.S. INCORPORATED,
GEORGE PAVANA and
NABIL TAOVIL

FILICE LAW OFFICES
195 Cadillac Drive
Sacramento, CA 95825
(916) 920-2800

- 7 -