```
 1  Kenneth H. Natkin (Bar No. 85021)
    LAW OFFICES KENNETH NATKIN
 2  1901 Harrison Street, Suite 900
    Oakland, CA., 94612
 3  Telephone: (510) 273-8650
    Facsimile: (510) 273-8652
 4  Email: ken@natkinlaw.com

 5  Attorney for Plaintiff
    BILL POON & COMPANY,
 6  ARCHITECTS, INC.

 7  Matthew J. Webb (Bar No. 148228)
    LAW OFFICES MATTHEW J. WEBB
 8  409 13th Street, 17th Floor
    Oakland, CA., 94612
 9  Telephone: (510) 444-4224
    Facsimile: (510) 444-4223
10  Email: mwebblaw@cs.com

11  Attorney for Defendants KHALIL BAFAIZ,
    INDERJIT CHADHA, and NAEEM AKRAM
12

13  Gerald W. Filice (Bar No. 99657)
    FILICE LAW OFFICES
14  195 Cadillac Drive
    Sacramento, CA., 95825
15  Telephone: (916) 920-2800
    Facsimile: (916) 920-3409
16  Email: gwfilice@pacbell.net

17  Attorney for Defendants G.A.R.S.,
    GEORGE G. PAVANA, and NABIL W. TAOVIL
18
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL POON & COMPANY, ARCHITECTS, INC., <br><br>  Plaintiff, <br><br> v. <br><br> KHALIL BAFAIZ, an individual, NABIL W. TAOVIL, an individual, G.A.R.S. Incorporated, a California Corporation, GEORGE G. PAVANA, an individual, INDERJIT CHADHA, an individual, NAEEM AKRAM, an individual, and DOES 1 through 20, inclusive, | Case No. C07-05566 PJH <br><br> JOINT CASE MANAGEMENT STATEMENT <br><br> Case Management Conf: <br>  Date: 20 March 2008 <br>  Time: 2:30 p.m. <br>  Place: Crtrm 3, 17th Flr. <br><br> Judge: Hon. Phyllis Hamilton |

JOINT CASE MANAGEMENT STATEMENT         1

|   |   |
|---|---|
| 1 | Defendants. ) |
| 2 | _____) |
|   | ) |
| 3 | and Related Cross-Claim and ) |
|   | Counterclaim ) |
| 4 | _____) |

**JOINT CASE MANAGEMENT STATEMENT**

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-10, and this court's Order Requiring Joint Case Management Statement and Appearance at Case Management Conference, Plaintiff BILL POON & COMPANY, ARCHITECTS, INC. (hereinafter referred to as "Poon"), Defendants KHALIL BAFAIZ, INDERJIT CHADHA, and NAEEM AKRAM (hereinafter collectively referred to as "Group One Defendants"), and Defendants G.A.R.S., GEORGE G. PAVANA, and NABIL W. TAOVIL (hereinafter collectively referred to as "Group Two Defendants"), through their undersigned counsel, met and conferred on March 6, 2008.

Counsel for Group One Defendants has failed to proceed to contribute his portion to this Joint Statement, and accordingly, Group One Defendants' responses are not included herein.

1. **Jurisdiction and Service**:

Poon's Response: This court has subject matter jurisdiction under the federal Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq., and for the related claims of unfair competition, and conversion. This Court has jurisdiction of this action under 28 U.S.C. Sections 1331, 1338(a) and 1338(b), and under its supplemental jurisdiction.

Cross-Defendant Melissa Chavis has not yet been served. The last day for service upon Ms. Chavis is April 17, 2008.

Group One Defendants' Response:

Group Two Defendants' Response: Not disputed.

2. **Facts:**

Poon's Response: On or about May 4, 2004, Plaintiff POON entered into a written agreement (the "Agreement") with Melissa Chavis as the then Owner and Developer of the Properties to provide professional architectural services for the design and construction of three new speculative single family homes; the first two were anticipated to be constructed one at a time at 25289 Campus Drive and 25273 Campus Drive, in the City of Hayward, County of Alameda, State of California, (hereinafter collectively referred to as the "Properties"). Article 6 of the Agreement provided as follows:

> All documents prepared by the Architect for this Project are the instruments of the Architect's service for use solely with respect to this Project, and the Architect shall be deemed the author of these documents and shall retain all common law, statutory and other reserved rights, including the copyright. The Developer shall be permitted to retain copies of these documents for information and reference in connection with the Developer's use, occupancy, and servicing of the Project. These documents shall not be used by the Developer or others on other projects, for additions to this Project, or for completion of this Project by others, unless the Architect is adjudged to be in default under this Agreement, except by agreement in writing and with appropriate compensation to the Architect. Submission or distribution of documents in connection with this Project is not to be construed as publication in derogation of the Architect's reserved rights.

POON prepared documents for the design and construction of the residence to be built at 25289 Campus Drive. These drawings bear a revision date of October 28, 2005. POON also prepared drawings for the design of the residence to be constructed at 25273 Campus Drive. (Collectively, these drawings are referred to hereinafter as the "Architectural Drawings).

POON performed fully each and every condition, covenant, and

JOINT CASE MANAGEMENT STATEMENT        3

obligation imposed under the terms of the Agreement until he was excused from further performance in or about December, 2005, when he was verbally informed that he wasn't to perform any further services and told of Ms. Chavis's intention to sell the Properties. Later, on May 8, 2006, Plaintiff was informed by email from Ms. Chavis that she had "signed a purchase agreement to sell the land. Escrow is scheduled to close on June 10 (2006)". The email went on to inform POON that Ms. Chavis intended "to place a letter in escrow regarding the house plans for lot 1 (25289 Campus Drive)" that stated that "the plans are proprietary and the buyer has no right to build or alter these plans at any time".

    Each sheet of the Architectural Drawings created and prepared by POON constitutes copyrightable subject matter protectable under the copyright laws of the United States, as is the Architectural Work embodied therein. Each sheet of drawings bore the following notice: © 2005 Bill Poon.

    Furthermore, Sheet 13 of the Architectural Drawings prepared by POON for construction of the residence at 25289 Campus Drive notes that "All drawings and written materials within these construction documents are the sole property of the Architect. Any reproduction or use without permission is strictly prohibited by copyright law and will be vigorously enforced". Mr. POON has never given any such permission.

    On or about January 26, 2007, Plaintiff POON applied to for a Certificate of Registration for 13 sheets of architectural drawings for the construction of the residence and for a Certificate of Registration for the Architectural Work

1  ("Architectural Work") embodied in those Architectural Drawings
2  for the residence at 25289 Campus Drive. The Certificates were
3  issued by the Register of Copyrights on January 29, 2007 and bear
4  registration numbers VAu733-862 (Architectural Drawings) and VAu
5  733-861 (Architectural Work). POON has also applied for and
6  received Certificates of Registration for the Architectural
7  Drawings, Lot Line Adjustment Drawings, and Architectural Work
8  for the residence at 25273 Campus Drive. These Certificates were
9  also issued on January 29, 2007; they bear registration numbers
10 VAu 735-853 (Architectural Drawings, VAu 735-852 (Lot Line
11 Adjustment Drawing) and VAu 735-851 (Architectural Work). True
12 and correct copies of these certificates are attached to the
13 First Amended Complaint filed in this matter as Exhibits A, B ,C,
14 D and E respectively.
15     Plaintiff POON is currently and at all relevant times has
16 been the sole proprietor of all right, title, and interest in and
17 to the copyrights in the Architectural Drawings and in and to the
18 Architectural Work embodied therein. Said Architectural Drawings
19 have never been published as defined in 17 U.S.C. Section 101.
20     The residence at 25289 Campus Drive is currently under
21 construction. POON is informed and believes that construction has
22 not yet begun on the residence at 25273 Campus Drive.
23     Defendant BAFAIZ, pursuant to Vacant Land Purchase
24 Agreements dated on or about April 26, 2006, purchased the
25 Properties from Ms. Chavis. Plaintiff POON is informed and
26 believes and thereon alleges that Defendant BAFAIZ has directly
27 reproduced and distributed Plaintiff's copyrighted work,
28 continues to construct the Architectural Work at 25289 Campus

JOINT CASE MANAGEMENT STATEMENT          5

1  Drive, and intends, unless enjoined from so doing, to construct
2  the Architectural Work at 25273 Campus Drive.
3       By letter dated January 26, 2007, Plaintiff, through his
4  counsel, wrote Defendant BAFAIZ notifying him that POON had
5  applied to register his copyrights, that BAFAIZ had no right to
6  use POON's drawings and specifications, nor to construct the
7  residence at 25289 Campus Drive, and that doing so exposed
8  Defendant BAFAIZ to a claim of copyright infringement in
9  contravention of Federal copyright law and that if Defendant
10 BAFAIZ continued in willful disregard of the notification, POON
11 would seek damages for willful infringement, entitling POON to
12 statutory damages. Defendant BAFAIZ nevertheless continued to
13 infringe the copyrights.
14      Plaintiff POON alleges that Defendant CHADHA has prepared
15 drawings for the construction of the residence at 25273 Campus
16 Drive based upon the design drawings and the Lot Line Adjustment
17 drawings prepared for that site by POON.
18      By letter dated February 7, 2007, Plaintiff, through his
19 counsel, attempted to directly notify Defendant CHADHA that POON
20 had applied to register his copyrights, that CHADHA had no right
21 to use POON's drawings and specifications, that doing so exposed
22 Defendant CHADHA to a claim of copyright infringement in
23 contravention of Federal copyright law and that if Defendant
24 CHADHA continued in willful disregard of the notification, POON
25 would seek damages for willful infringement, entitling POON to
26 statutory damages. Plaintiff is informed and believes, and
27 thereon alleges, that Defendant CHADHA nevertheless continued to
28 infringe the copyrights. This letter was sent to a prior listed

JOINT CASE MANAGEMENT STATEMENT            6

address for CHADHA but was returned to sender as "Unclaimed and Unable to Forward". On July 3, 2007, it was again sent to CHADHA at 1731 Germano Way, Pleasanton, California 94566.

Plaintiff POON is informed and believes and thereon alleges that on or about April 5, 2006, Defendant TAOVIL presented an offer to Melissa Chavis on behalf of "Naeem Akram and/or Assignee" to purchase the Properties. On or about April 14, 2006, an Addendum was presented to Ms. Chavez in Defendant AKRAM'S name which offered an additional sum to purchase the complete construction drawings. Ms. Chavis refused to agree and the sale to Defendant AKRAM was not consummated.

Defendant AKRAM admits that he has been acting as the general contractor engaged by Defendant BAFAIZ to construct the residence at 25289 Campus Drive. Plaintiff POON is informed and believes and thereon also alleges that Defendant AKRAM, in so constructing the residence, has distributed Plaintiff's copyrighted work and, by virtue of this conduct, has directly infringed upon Plaintiff POON's exclusive rights and has materially contributed to the infringing activity of Defendant BAFAIZ and/or conspired with Defendant BAFAIZ to infringe upon Plaintiff POON's exclusive rights.

Defendant AKRAM was informed, by copy of the letter to Defendant BAFAIZ dated January 26, 2007, that use of Poon's copyrighted works and construction of the residence at 25289 Campus Drive was in contravention of Federal copyright law and that to continue in willful disregard of the notification would entitle POON to statutory damages. POON is informed and believes and thereon alleges that Defendant AKRAM nevertheless continued

to infringe the copyrights.

Defendant TAOVIL, despite having been verbally informed by POON that the drawings were not included with the sale of the Properties, despite knowing Plaintiff's construction drawings were not included, as evidenced by the rejected Addendum offer he prepared and presented on behalf of Defendant AKRAM, and despite having been directed in writing by Ms. Chavis on or about May 22, 2006, to inform the Buyer/Defendant BAFAIZ that the designs embodied in POON's copyrighted works could not be used or altered for construction of the residences on the Properties, nonetheless distributed Plaintiff's copyrighted work to Defendant BAFAIZ knowing full well that Defendant BAFAIZ did intend to have the residences depicted constructed. By virtue of this conduct, Defendant TAOVIL has materially contributed to the infringing activity of Defendant BAFAIZ and/or conspired with Defendant BAFAIZ to infringe upon Plaintiff POON's exclusive rights.

Defendant employer GARS and Defendant supervising broker PAVANA failed to exercise reasonable supervision over the activities of Defendant TAOVIL.

By their actions as alleged above, Defendants BAFAIZ, CHADHA and AKRAM have directly infringed, and Defendants TAOVIL, GARS, PAVANA and AKRAM have contributed to the infringement and/or conspired with Defendant BAFAIZ to infringe upon Plaintiff's exclusive rights in and relating to the Architectural Drawings and to the Architectural Work embodied therein. In addition, Defendants BAFAIZ, TAOVIL, GARS, PAVANA, CHADHA and AKRAM have unlawfully and wrongfully derived, and Defendants BAFAIZ, CHADAH and AKRAM will continue to derive, income and profits from their

1  infringing acts.

2  <u>Group One Defendants' Response</u>:

3  <u>Group Two Defendants' Response</u>: Discovery has not yet been
4  conducted, and these defendants reserve the right to offer facts
5  which differ from those contained herein.  However, the following
6  is known or believed by defendants in Group Two:

7  Melissa Chavis listed her three undeveloped residential lots
8  for sale with G.A.R.S. through agent Taovil.  Chavis specifically
9  represented to these defendants that the plans for the
10 properties, which she had hired plaintiff Poon to draw, were to
11 be sold with the properties.  The price for the one lot which had
12 more advanced plans was substantially higher than the other lots,
13 which either had no plans or were in a less advanced state,
14 solely as a result of the advanced state of the plans which would
15 accompany the property.  At no time (until many months later as
16 the sale of the lots was about to close) did Chavis indicate
17 there was any problem with a buyer using the plans.

18 At one point, defendant Taovil met with plaintiff Poon (at
19 the request of Chavis) in order to obtain a copy of the plans for
20 a buyer.  Poon provided a copy of the plans to Taovil.  Taovil
21 asked Poon if there were anything he needed to know about the use
22 of the plans, and Poon said only "check with the City of
23 Hayward," or words to that effect.  Poon said nothing to Taovil
24 about a buyer not being able to use the plans.

25 Ultimately, a contract was entered into with Mr. Bafaiz as
26 buyer.  All conditions in the contract were met, it became an
27 unconditional contract in due course, and the closing approached.
28 Chavis then stated that the buyer (who had already been provided

JOINT CASE MANAGEMENT STATEMENT            9

with the plans and was expecting to be able to use them, per his agreement and the representations from Chavis) could not use the plans unless the buyer paid an additional amount to Chavis. This demand was relayed to the buyer by G.A.R.S. and Taovil, and both parties were advised to consult counsel. The buyer, Bafaiz, responded that he would not pay extra for the plans, and expected to use them. Chavis subsequently backed away from her demand for more money, and closed escrow knowing that Bafaiz intended to use the plans.

These defendants, who acted solely in a broker capacity, did nothing other than provide copies of the plans at Chavis' request and with the consent of Poon, as well as relay the representations and positions of the parties. There should be no basis for any liability as to them.

3. **Legal Issues:**

Poon's Response: The underlying legal issue, of course, is whether or not there has been infringement of Plaintiff's exclusive copyright interests under 17 U.S.C. section 106: the rights to reproduce the copyrighted works, to prepare derivative works based upon the copyrighted works, and the right to distribute copies of the copyrighted work. Secondarily, have the infringements been willful, entitling Plaintiff to statutory damages pursuant to 17 U.S.C. section 504 ©)?

Defendant CHADHA's conduct alleged above constitutes unlawful, unfair, or fraudulent business practices in violation of California Business and Professions Code Sections 17200 et seq.

In taking the actions described above, Defendant BAFAIZ

knowingly converted the property described above to his own use and benefit and Defendant CHADHA knowingly converted the property described above pertaining to 25273 Campus Drive to his own use and benefit.

Group One Defendants' Response:

Group Two Defendants' Response: Other legal/factual issues will involve whether plaintiff waived his rights by providing copies of the plans to Group Two Defendants without reservation; whether the Group One Defendants are precluded from pursuing claims against the Group Two Defendants because the Group One Defendants closed escrow on the properties knowing that MELISSA CHAVIS had claimed the plans could not be used; and other issues.

4. **Motions:**

Poon's Response: POON may seek summary judgment of some or all of the infringement issues.

Group One Defendants' Response:

Group Two Defendants' Response: Likely summary judgment/summary adjudication as to plaintiff's claims against this group of defendants, as well as of claims by Group One Defendants against Group Two Defendants.

5. **Amendment of Pleadings:**

Joint Response: At the Meet and Confer, counsel agreed that the parties would stipulate that any amendments to the pleadings will be filed by 20 May 2008.

Poon's Response: No amendment is anticipated.

Group One Defendants' Response:

Group Two Defendants' Response: None contemplated now. Additional cross-defendants are possible depending upon facts

that may be discovered.

6. **Evidence Preservation:**

<u>Poon and Group Two Joint Response</u>: Counsel for the parties shall communicate to their respective clients that they are to retain and preserve electronically stored information so that all relevant information is discovered. The parties have agreed to exchange CD's of all electronically stored information, including documents (other than drawings) and project records. CADD documents will also be retained and preserved but need not be produced on a CD at this time.

<u>Additional Poon Response:</u> Mr. Poon has been notified that he is to retain and preserve electronic documents and records.

<u>Group One Defendants' Response</u>:

<u>Group Two Defendants' Response</u>: No additional response.

7. **Disclosures:**

<u>Poon Response</u>: The disclosures required by Federal Rule of Civil Procedure 26 will be completed on Thursday March 13, 2008.

<u>Group One Defendants' Response</u>:

<u>Group Two Defendants' Response</u>: These defendants' disclosures will not be completed until approximately March 18, 2008, due to copying and logistical issues.

8. **Discovery:**

<u>Poon Response:</u> No discovery has taken place to date. As stated, the Initial Disclosures required by Federal Rule of Civil Procedure 26 (a)(1) will be completed on Thursday March 13, 2008. (Subject to Group Two Defendants' response above.)

<u>Poon's Proposed Discovery Plan:</u>

Disclosure of Experts; Rule 26(a)(2):

JOINT CASE MANAGEMENT STATEMENT            12

        Identity of Experts and Expert Written Reports: 90 days before trial. Rebuttal: 30 days thereafter.

    Pretrial Disclosures: Rule 26(a)(3): 30 days before trial.

    Discovery Scope and Limits: Subject matter of the action.

    Interrogatories: Each party shall entitled to propound 35 interrogatories upon each of the other parties.

    <u>     Requests For Admissions</u>: Each party shall entitled to propound 35 Requests For Admissions upon each of the other parties.

    Depositions: Each party and each disclosed expert may be deposed one time only. Depositions shall not exceed one day in length. Each party shall be entitled to notice the deposition of no more than two non-party witnesses. Such depositions shall not exceed one-half day in length.

    Discovery Cut-off: 30 days before trial

    <u>Group One Defendants' Response</u>:

    <u>Group Two Defendants' Response</u>: These defendants object to the limitations on non-party depositions proposed by Poon, since there are potentially several non-party witnesses who have relevant information. Defendants also object to limiting their depositions to ½ day. Requests for Production of Documents will also likely be required, and cannot be limited in number since the number will depend entirely on the number of appropriate categories of documents.

    9. **<u>Class Actions:</u>**

    <u>Poon and Group Two Joint Response:</u> Inapplicable

    10. **<u>Related Cases:</u>**

    <u>Poon and Group Two Joint Response:</u> None

JOINT CASE MANAGEMENT STATEMENT     13

11. **Relief:**

Poon's Response: Actual damages according to proof plus any profits attributable to infringement or, in the alternative, statutory damages pursuant to 17 U.S.C. section 504 ©).

Group One Defendants' Response:

Group Two Defendants' Response: Group Two Defendants seek indemnification of all their costs and expenses, including attorney's fees, from cross-defendant MELISSA CHAVIS, the seller of the properties who caused the plans to be provided to defendants and represented that she had the right to provide them.

12. **Settlement and ADR:**

Joint Response: There have been no substantive settlement discussions. The parties have agreed upon Early Neutral Evaluation.

13. **Consent to Magistrate Judge For All Purposes:**

Poon's Response: Plaintiff is willing to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

Group One Defendants' Response:

Group Two Defendants' Response: The Group Two Defendants are not willing to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. **Other References:**

Poon's Response: Not suitable

Group One Defendants' Response:

Group Two Defendants' Response: None known.

15. **Narrowing of Issues:**

1     <u>Poon's Response:</u> At this time, it does not appear that any issues can be narrowed by agreement. Presentation of evidence may be expedited by stipulation to certain facts.

    <u>Group One Defendants' Response</u>:

    <u>Group Two Defendants' Response</u>: These defendants agree with Poon's response.

    16. **Expedited Schedule:**

    <u>Poon's Response:</u> It does not appear that this case can be handled on an expedited basis.

    <u>Group One Defendants' Response</u>:

    <u>Group Two Defendants' Response</u>: These defendants agree with Poon's response.

    17. **Scheduling:**

    <u>Poon's Response:</u> See section 8 above. Poon requests that trial be set to commence no later than early October, 2008, with the Pretrial Conference scheduled 90 days before. Potentially dispositive motions shall be filed at least 120 days prior to trial. Contrary to the representation made by Group Two counsel below, Group One counsel did not state that he was booked with trials through most of the balance of 2008; he said he had trial dates calendared on August 2nd, and on September 8, 2008, but then was clear until February 2009.

    <u>Group One Defendants' Response</u>:

    <u>Group Two Defendants' Response</u>: Counsel for Group Two Defendants has a 3-week trial scheduled to start in U.S. District Court, Eastern District of California, before the Hon. Morrison England, on October 27, 2008. Given the amount of discovery yet to be commenced, as well as the trial schedule of counsel for

JOINT CASE MANAGEMENT STATEMENT     15

Group One Defendants (who stated during the conference among counsel that he is booked with trials through most of the balance of 2008), the earliest that trial should commence would be January-February 2009.

18. **Trial:**

Poon's Response: Poon has demanded a jury trial. Poon estimates that three to four trial days will be necessary to present its case in chief. Trial is estimated to take two weeks.

Group One Defendants' Response:

Group Two Defendants' Response: Concur.  Defendants also reserve the right to a jury.

19. **Disclosure of Non-Party Interested Entities or Persons:**

Poon and Group Two Joint Response: No party has filed a "Certification of Interested Entities or Persons. There are no such entities or persons to identify who have (i)a financial interest in the subject matter in controversy or in a party to the proceeding or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. **Other Matters:**

Poon's Response: None

Group One Defendants' Response:

Group Two Defendants' Response: None.

DATED: March 13, 2008          KENNETH H. NATKIN


                               /s/ Kenneth Natkin
                               Attorney for Plaintiff BILL POON &
                               COMPANY, ARCHITECTS, INC.

```
 1  DATED: March __, 2008           MATTHEW J. WEBB
 2
 3                                  _____
                                    Attorney for Defendants KHALIL
 4                                  BAFAIZ, INDERJIT CHADHA, and
                                    NAEEM AKRAM
 5
 6  DATED: March 13, 2008           FILICE LAW OFFICES
 7
                                    /s/ Gerald W. Filice
 8                                  _____
                                    GERALD W. FILICE
 9                                  _____
                                    Attorney for Defendants G.A.R.S.,
10                                  GEORGE G. PAVANA, and NABIL W.
                                    TAOVIL
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

    JOINT CASE MANAGEMENT STATEMENT       17
```