Larry E. Lulofs (CSB 88804)
Morton, Lulofs & Wood, LLP
180 Grand Ave., Suite 1500
Oakland, CA 94612
Telephone: 510.444.5521
Facsimile: 510.444.8263

Attorneys for Cross-Defendant
MELISSA CHAVIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL POON & COMPANY, ARCHITECTS, INC. | Case No. C07-05566 PJH |
| Plaintiff, | ANSWER AND CROSS-CLAIM ON BEHALF OF MELISSA CHAVIS |
| v. | |
| KHALIL BAFAIZ, an individual, NABIL W. TAOVIL, an individual, G.A.R.S., Incorporated, a California Corporation, GEORGE G. PAVANA, an individual, INDERJIT CHADHA, an individual, NAHEEM AKRAM, an individual, and Does 1 through 20, inclusive, | |
| Defendants. | |
| KHALIL BAFAIZ, | |
| Cross-Claimant, | |
| v. | |
| MELISSA CHAVIS, an individual, NABIL W. TAOVIL, an individual, G.A.R.S., Incorporated, a California Corporation, GEORGE PAVANA, an individual, | |
| Cross-Defendants. | |

1

Morton, Lulofs & Wood, LLP
180 GRAND AVENUE, SUITE 1500 OAKLAND, CALIFORNIA 94612-3741
TELEPHONE: 510/444-5521

MELISSA CHAVIS,                                    )
                                                   )
          Cross-Claimant,                          )
                                                   )
v.                                                 )
                                                   )
NABIL TAOVIL, an individual, G.A.R.S.,             )
Incorporated, a California Corporation,            )
GEORGE PAVANA, an individual,                      )
                                                   )
          Cross-Defendants.                        )
                                                   )

---

*Comes now,* Cross-Defendant Melissa Chavis, and for answer to the Cross-Claim

of Defendant Khalil Bhafaiz, admits, denies, and alleges as follows:

1. Cross-Defendant admits the allegations of paragraph 49.

2. Cross-Defendant admits the allegations of paragraph 50.

3. Answering the allegations of paragraph 51, Cross-Defendant admits that Cross-

Claimant and Cross-Defendant entered into two separate vacant land purchase agreements

and that the price for 25289 Campus Drive was $235,000, and the price for 25273

Campus Drive was $280,000. Cross-Defendant further admits that Exhibit 1 is a true and

correct copy of the agreement for 25289 Campus Dr., and that Exhibit 2 is a true and

correct copy of the agreement for 25273 Campus Dr. Cross-Defendant lacks sufficient

information or belief in regard to the reason why Cross-Defendant was willing to pay

more for the later property. Cross-Claimant denies that she represented that she could

deliver the plans and denies that she never indicated any impediment to delivery of the

plans. Cross-Defendant denies that Exhibit 3 is a true and correct copy of the documents

delivered by seller Chavis to buyer Bafaiz. Cross-Defendant denies delivery of any

documents to Cross-Claimant, and instead alleges that any documents delivered to Bafaiz

2

were delivered to him by other persons, including his agent Nabil Taovil.

4. Cross-Defendant denies the allegations of paragraph 52.

5. Cross-Defendant denies the allegations of paragraph 53.

6. Cross-Defendant lacks sufficient information and belief in regard to the contention by Plaintiff against Bafaiz and/or his agents in paragraph 54.

7. For answer to paragraph 55, Cross-Defendant admits that Bafaiz makes the contentions described in paragraph 55, but Cross-Defendant denies that her conduct was a substantial cause of Plaintiff's injuries.

8. Cross-Defendant denies the allegations of paragraph 56.

9. Cross-Defendant denies the allegations of paragraph 57.

Wherefore, Cross-Defendant prays for judgment as set forth below.

### AFFIRMATIVE DEFENSES

As a separate and distinct answer and defense to the Cross-Claim on file herein, Cross-Defendant herein alleges as follows:

10. First Affirmative Defense: The written Agreement between these parties dated April 28, 2005 provides that any dispute between them arising out of the Agreement or any resulting transaction shall be decided by neutral, binding arbitration. The Cross-Claim arises out of the Agreement or out of one or more resulting transactions.

11. Second Affirmative Defense: Cross-Claimant has failed to mitigate his damages if any there were, and such failure proximately and concurrently contributed to the events referenced in the Complaint and the Cross-Complaint and the damage alleged there, if any there be.

Morton, Lulofs & Wood, LLP
180 GRAND AVENUE, SUITE 1500 OAKLAND, CALIFORNIA 94612-3741
TELEPHONE: 510/444-5521

3

12. <u>Third Affirmative Defense</u>: Cross-Defendant asserts that the legal cause of the incident was due to the intervening and superseding acts or omissions of other persons and other entities, and that through her conduct, Cross-Defendant is not responsible for the matters alleged in the Cross-Claim.

13. <u>Fourth Affirmative Defense</u>: Cross-Claimant was negligent in and about the matter set forth in his Cross-Claim, and this bars relief against Cross-Defendant in proportion to the fault of Cross-Claimant.

14. <u>Fifth Affirmative Defense</u>: The Cross-Claim and each cause of action therein are barred by the doctrine of unclean hands.

15. <u>Sixth Affirmative Defense</u>: The Cross-Claim and each cause of action therein is barred because Cross-Complainant assumed the risk of harm.

16. <u>Seventh Affirmative Defense</u>: Indemnity must be denied to Cross-Claimant because Cross-Claimant has violated the law by using copyrighted plans. Cross-Claimant had actual or constructive knowledge of the fact that the plans were copyrighted plans and could not be used without permission of the architect. The architectural drawings contain copyright marks.

17. <u>Eighth Affirmative Defense</u>: Indemnity must be denied to Cross-Complainant because he was actively negligent in causing harm to Plaintiff.

18. <u>Ninth Affirmative Defense</u>: The Agreement between Bafaiz and Chavis contains a condition precedent to an award of attorneys fees, in that Buyer or Seller must first request mediation of any dispute that arises between them. Bafaiz filed the Cross-Claim before he requested mediation of this dispute.

Morton, Lulofs & Wood, LLP
180 GRAND AVENUE, SUITE 1300 OAKLAND, CALIFORNIA 94612-3741
TELEPHONE: 510/444-5521

4

CROSS-CLAIM AGAINST DEFENDANTS TAOVIL, G.A.R.S., INC., AND PAVANA

19. Cross-Claimant Melissa Chavis (hereinafter referred to as "Chavis") is entitled to contribution or indemnity from Nabil W. Taovil (hereinafter referred to as "Taovil"), G.A.R.S., Inc, (hereinafter referred to as G.A.R.S.), and George Pavana (hereinafter referred to as "Pavana") for any liability that may be found to exist from this Cross-Claimant to any other party in this action. Taovil was the Cross-Claimant's realtor, Pavana was the real estate broker, G.A.R.S. is the real estate company that employed Taovil and Pavana.

20. These Cross-Defendants, Taovil, Pavana, and G.A.R.S. are wholly responsible or responsible in substantial part for the injuries or damages alleged by plaintiff in the collect and Khalil Bafaiz (hereinafter referred to as "Bafaiz") in his Cross-Claim.

21. Bafaiz contends that Chavis represented that she could deliver the plans, never indicated any impediment to delivery of the plans, and in fact delivered the plans to Bafaiz.        22. In her Cross-Claim, Chavis contends that the sole cause, or in the alternative, a substantial legal cause of the injuries sustained by Plaintiff and Bafaiz, is the conduct of Taovil, G.A.R.S., and Pavana, and not any act or failure to act on the part of Chavis.

23. Liability should be imposed upon Taovil, G.A.R.S, and Pavana because prior to Bafaiz's use of copyrighted materials, Chavis informed her agent Taovil that the buyer was not entitled to use the plans without the permission of the Plaintiff.

24. Chavis has been sued in the case, not because of any fault of her own, but because Taovil, G.A.R.S, and Pavana failed to perform their duties to inform Bafaiz that

5

Morton, Lulofs & Wood, LLP
180 GRAND AVENUE, SUITE 1500 OAKLAND, CALIFORNIA 94612-3741
TELEPHONE: 510/444-5521

he could not use the plans without permission of the architect.

25. These Cross-Defendants have the legal and equitable obligation to reimburse the Cross-Claimant for her attorney's fees in defending this action and asserting her claims for indemnification. Under general equitable principals and the rules of law governing the action, Chavis is entitled to indemnity, or in the alternative to, contribution from Taovil, G.A.R.S., and Pavana for their share of the responsibility for the injuries or damages to Cross-Claimant Bafaiz as determined by the trier of fact.

Wherefore, Cross-Defendant Chavis prays as follows:

1. That the Court stay the Cross-Claim of Bafaiz and order binding arbitration.

2. That Cross-Claimant Bafaiz take nothing by his Cross-Claim;

3. That Cross-Defendant Chavis be awarded her costs of suit;

4. That Cross-Defendant Chavis be awarded her attorneys fees and costs against Chavis;

5. That if any judgment is entered against Chavis in this matter on any claim that Cross-Defendant Chavis recover from and be indemnified by Taovil, G.A.R.S, and Pavana, or in the alternative that Chavis have judgment against these Cross-Defendants for contribution according to the respective percentages of responsibility as determined by the trier of fact;

6. That Cross-Defendant Chavis recover her attorney's fees and costs against Taovil, G.A.R.S., and Pavana regardless of whether a judgment is obtained by Bafaiz;

//

//

Morton, Lulofs & Wood, LLP
180 GRAND AVENUE, SUITE 1300 OAKLAND, CALIFORNIA 94612-3741
TELEPHONE: 510/444-5521

6

7.  For such other and further relief as this court deems just and appropriate.

Date: April 24, 2008                     MORTON, LULOFS & WOOD, LLP


By: _____/S/_____
LARRY E. LULOFS, Attorneys
for Cross-Defendant MELISSA CHAVIS


JURY DEMAND

Cross-Defendant Melissa Chavis demands a jury.

Date: April 24, 2008                     MORTON, LULOFS & WOOD, LLP


By: _____/S/_____
LARRY E. LULOFS, Attorneys
for Cross-Defendant MELISSA CHAVIS


SIGNATURE ATTESTATION

As the attorney efiling this document with the court, I hereby attest that I have on file all holograph signatures indicated by a "conformed" signature (/S/) within this efiled document.

Dated: April 24, 2008                    MORTON, LULOFS & WOOD, LLP


By: _____/S/_____
LARRY E. LULOFS, Attorneys
for Cross-Defendant MELISSA CHAVIS

Morton, Lulofs & Wood, LLP
180 GRAND AVENUE, SUITE 1500 OAKLAND, CALIFORNIA 94612-3741
TELEPHONE: 510/444-5521

7

PROOF OF SERVICE

I am a citizen of the United States, and am over the age of 18 years, and not a party to the within action; my business address is 180 Grand Avenue, Suite 1500, Oakland, California 94612.  On April 25, 2008, I served a copy of the foregoing *Answer and Cross-Claim on Behalf of Melissa Chavis* on the parties to this action by placing true copies thereof in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California, addressed as follows:

Attorney for Khalil Bafaiz
Matthew J. Webb, Esq.
Law Offices of Matthew J. Webb
409 13th St., 17th Floor
Oakland, CA  94612

Attorney for Bill Poon & Company
Kenneth H. Natkin
Law Offices of Kenneth Natkin
1901 Harrison St., Suite 900
Oakland, CA  94612

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on April 25, 2008 at Oakland, California.

By: _____\s_____
          Paula H. Case