```
Kenneth H. Natkin (Bar No. 85021)
LAW OFFICES KENNETH NATKIN
1901 Harrison Street, Suite 900
Oakland, CA., 94612
Telephone: (510) 273-8650
Facsimile: (510) 273-8652
Email: ken@natkinlaw.com

Attorney for Plaintiff
BILL POON & COMPANY,
ARCHITECTS, INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL POON & COMPANY,<br>ARCHITECTS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>KHALIL BAFAIZ, an individual,<br>NABIL W. TAOVIL, an individual,<br>G.A.R.S. Incorporated, a<br>California Corporation, GEORGE<br>G. PAVANA, an individual,<br>INDERJIT CHADHA, an individual,<br>NAEEM AKRAM, an individual,<br>and DOES 1 through 20,<br>inclusive,<br><br>    Defendants.<br>_____<br>KHALIL BAFAIZ,<br><br>    Cross-Claimant<br><br>v.<br><br>MELISSA CHAVIS, an individual,<br>NABIL W. TAOVIL, an individual,<br>G.A.R.S., Incorporated, a<br>California Corporation, GEORGE<br>PAVANA, and individual,<br><br>    Cross-Defendants<br>_____ | Case No. C07-05566 PJH<br><br>NOTICE OF MOTION AND MOTION<br>TO COMPEL DISCLOSURE<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Date: 18 June 2008<br>Time: 9:00 a.m.<br>Courtroom: 3 |

PLAINTIFF'S MOTION TO COMPEL DISCLOSURE    1

1  TO KAHLIL BAFAIZ, NAEEM AKRAM, AND INDERJIT CHADHA AND
2  TO G.A.R.S. INCORPORATED, GEORGE G. PAVANA, AND NABIL TAOVIL AND
3  THEIR ATTORNEYS OF RECORD:
4  PLEASE TAKE NOTICE THAT ON June 18, 2008 at 9:00 a.m, or as
5  soon thereafter as the matter may be heard in the above-entitled
6  Court located at 450 Golden Gate Avenue, San Francisco,
7  California, 94102, Plaintiff BILL POON & COMPANY, ARCHITECTS
8  ("POON"), will and hereby does move this Court for an order
9  compelling Defendants KAHLIL BAFAIZ ("BAFAIZ"), NAEEM AKRAM
10 ("AKRAM"), INDERJIT CHADHA ("CHADHA"), G.A.R.S. INCORPORATED
11 ("GARS"), GEORGE G. PAVANA ("PAVANA"), and NABIL TAOVIL
12 ("TAOVIL") to comply with this Court's order of March 20, 2008 to
13 exchange disclosures. Plaintiff also moves for an order that
14 Defendants BAFAIZ, AKRAM, CHADHA, GARS, PAVANA and TAOVIL or
15 their attorneys advising such conduct pay the moving party the
16 sum of $2520.00 as the reasonable costs and attorney fees
17 incurred by the moving party in connection with this proceeding.
18 This motion is made on the grounds that said disclosure is
19 relevant to the subject matter of the action and did not relate
20 to privileged matters, and the refusal to provide the disclosures
21 is without justification.
22 This motion will be based on this Notice of Motion and
23 Motion, the Memorandum of Points and Authorities filed herewith
24 and the Declaration of Kenneth Natkin attached hereto and
25 incorporated herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

28 1. This Motion for an Order Compelling Disclosure is brought

PLAINTIFF'S MOTION TO COMPEL DISCLOSURE   2

pursuant to Federal Rule of Civil Procedure 37 following Defendants' failure to make initial disclosures as ordered by this court.

## II. ARGUMENT

A. <u>The failure of Defendants to make the initial disclosures violates Federal Rule 26 (a)(1)(A)(ii) and the Order of this Court.</u>

2. Federal Rule of Civil Procedure 26 (a)(1)(A)(ii) requires the parties to provide to the other parties a copy - or a description by category and location - of all documents, electronically stored information and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

3. The Order Setting the Initial Case Management Conference, issued by this court on November 1, 2007, required that initial disclosures be completed by January 31, 2008. By further Order of entered on January 11, 2008, the date for initial disclosures was continued until March 13, 2008.

B. <u>Plaintiff has complied with FRCP 26 (a)(1)(A)(ii); Defendants have not fully complied despite the good faith attempts by counsel for Plaintiff to meet and confer in an effort to obtain the disclosures without court action.</u>

4. On March 14, 2008, Plaintiff caused to be delivered to counsel for Defendants the paper documents and a CD of electronically stored documents in its possession.

5. At the Initial Case Management Conference conducted by Judge Phyllis Hamilton on March 20, 2008, counsel for Plaintiff, Kenneth Natkin, complained that Defendants had not complied with this requirement, whereupon Judge Hamilton ordered that the

parties shall exchange all disclosures within thirty days (see Civil Minutes dated March 20, 2008).

6. Defendants have not fully complied with the Initial disclosure requirements as ordered. Mr. Webb, counsel for Defendants BAFAIZ, AKRAM, and CHADHA had, at the Conference on March 20, 2008, handed counsel for Plaintiff a number of paper documents, but counsel for Plaintiff understood from Mr. Webb that these documents were only those that he (Mr. Webb) had in his file from BAFAIZ. Counsel for Plaintiff asked Mr. Webb for the documents from Mr. Webb's other two clients, AKRAM and CHADHA, and asked also for all drawings in the possession of the developer BAFAIZ, the general contractor, AKRAM, and the design professional engineer, CHADHA, and for electronically stored documents, but has received nothing further.

7. Mr. Filice, counsel for Defendants GARS, TAOVIL and PAVANA did, on April 30, 2008, provide documents, but without distinction as to which documents came from which of his client Defendants, and again, no drawings nor electronically stored documents were provided.

8. Counsel for Plaintiff has attempted in good faith to meet and confer with counsel for Defendants in an effort to obtain the disclosures without court action. (Natkin Declaration, para. 6, and Exhibits A, B and C thereto). On April 22, 2008, counsel for Plaintiff wrote both counsel for Defendants reminding them of the court's order that all pretrial disclosures were to have been exchanged and asking their intentions. Counsel added that if he did not receive the disclosures that week, including their clients' electronically stored documents, he would bring the

PLAINTIFF'S MOTION TO COMPEL DISCLOSURE   4

matter to the courts' attention and seek sanctions (see Exhibit A to the Declaration of Kenneth Natkin). There was no reply from Mr. Webb; Mr. Filice sent the documents referred to above.

9. On May 5, 2008, counsel for Plaintiff again wrote Mr. Webb, seeking clarification regarding the documents from CHADHA and AKRAM and asking again for the electronically stored documents and the drawings (Exhibit B to the Declaration of Kenneth Natkin). He asked Mr. Webb for his immediate response but there has been no reply.

10. On May 5, 2008, counsel for Plaintiff also wrote to Mr. Filice (Exhibit C to the Declaration of Kenneth Natkin), asking about electronically stored documents, about any drawings in his clients' possession or control, about distinguishing which documents came from which client, and about certain documents which appeared not to have been produced. There has been no reply.

### III. CONCLUSION

Despite the good faith efforts by counsel for Plaintiff to obtain the initial disclosures without Court action, none of the Defendants BAFAIZ, CHADHA, AKRAM, GARS, PAVANO, nor TAOVIL have fully complied. Plaintiff respectfully requests that the Court grant this motion and order these Defendants to pay Plaintiff the reasonable legal fees incurred.

DATED: 14 May, 2008

                              /s/_____
                              Kenneth Natkin, Attorney for
                              Plaintiff BILL POON & COMPANY,
                              ARCHITECTS