```
Kenneth H. Natkin (Bar No. 85021)
LAW OFFICES KENNETH NATKIN
1901 Harrison Street, Suite 900
Oakland, CA., 94612
Telephone: (510) 273-8650
Facsimile: (510) 273-8652
Email: ken@natkinlaw.com

Attorney for Plaintiff
BILL POON & COMPANY,
ARCHITECTS, INC.
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL POON & COMPANY, ARCHITECTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KHALIL BAFAIZ, an individual, NABIL W. TAOVIL, an individual, G.A.R.S. Incorporated, a California Corporation, GEORGE G. PAVANA, an individual, INDERJIT CHADHA, an individual, NAEEM AKRAM, an individual and DOES 1 through 20, inclusive, <br><br> Defendants. <br> ─────────────────────── <br> KHALIL BAFAIZ, <br><br> Cross-Claimant <br><br> v. <br><br> MELISSA CHAVIS, an individual, NABIL W. TAOVIL, an individual, G.A.R.S., Incorporated, a California Corporation, GEORGE PAVANA, and individual, <br><br> Cross-Defendants <br> ─────────────────────── | Case No. C07-05566 PJH <br><br> DECLARATION KENNETH NATKIN IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCLOSURE <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> Date: 18 June 2008 <br> Time: 9:00 a.m. <br> Courtroom: 3 |

DECLARATION KENNETH NATKIN IN SUPPORT PLAINTIFF'S MOTION TO COMPEL DISCLOSURE   1

1  I, Kenneth Natkin, declare as follows:

2  1. I am the attorney of record for BILL POON & COMPANY, ARCHITECTS, Plaintiff in the above-entitled action. I make this Declaration in support of Plaintiff's Motion to Compel Disclosures.

3  2. On March 14, 2008, I caused to be delivered to counsel for Defendants the paper documents and a CD of electronically stored documents in Plaintiff's possession, custody, or control and which Plaintiff may use in support of its claims.

4  3. At the Initial Case Management Conference conducted by Judge Phyllis Hamilton on March 20, 2008, counsel for Plaintiff, Kenneth Natkin, complained that Defendants had not complied with the requirements of Federal Rule of Civil Procedure 26 (a)(1)(A)(ii), whereupon Judge Hamilton ordered that the parties shall exchange all disclosures within thirty days (see Civil Minutes dated March 20, 2008).

5  4. Defendants have not fully complied with the Initial disclosure requirements as ordered. Mr. Webb, counsel for Defendants BAFAIZ, AKRAM, and CHADHA had, at the Conference on March 20, 2008, handed me a number of paper documents. In a discussion with Mr. Webb, I understood from him that these documents were only those that he (Mr. Webb) had in his file from BAFAIZ. I asked Mr. Webb for the documents from Mr. Webb's other two clients, AKRAM and CHADHA, and asked also for all drawings in the possession of the developer BAFAIZ, the general contractor, AKRAM, and the design professional engineer, CHADHA, and for

DECLARATION KENNETH NATKIN IN SUPPORT
PLAINTIFF'S MOTION TO COMPEL DISCLOSURE    2

1  electronically stored documents, but have received nothing
2  further.
3      5. Mr. Filice, counsel for Defendants GARS, TAOVIL and
4  PAVANA did, on April 30, 2008, provide documents, but without
5  distinction as to which documents came from which of his client
6  Defendants, and again, no drawings nor electronically stored
7  documents were provided.
8      6. I have attempted in good faith to confer with counsel for
9  Defendants in an effort to obtain the disclosures without court
10 action. On April 22, 2008, I wrote both counsel for Defendants
11 reminding them of the court's order that all pretrial disclosures
12 were to have been exchanged and asking their intentions. I added
13 that if I did not receive the disclosures that week, including
14 their clients' electronically stored documents, I would bring the
15 matter to the courts' attention and seek sanctions (A true an
16 correct copy of this communication is attached hereto as Exhibit
17 A). There was no reply from Mr. Webb; Mr. Filice sent the
18 documents referred to above.
19     7. On May 5, 2008, I again wrote Mr. Webb, seeking
20 clarification regarding the documents from his clients CHADHA and
21 AKRAM, and asking again for the electronically stored documents
22 and the drawings (A true and correct copy of this communication
23 is attached hereto as Exhibit B). I asked Mr. Webb for his
24 immediate response but there has been no reply.
25     8. On May 5, 2008, I also wrote to Mr. Filice (A true and
26 correct copy of this communication is attached hereto as Exhibit

DECLARATION KENNETH NATKIN IN SUPPORT
PLAINTIFF'S MOTION TO COMPEL DISCLOSURE    3

C), asking about electronically stored documents, about any drawings in his clients' possession or control, about distinguishing which documents came from which of his three clients, and about certain documents which appeared not to have been produced. There has been no reply.

9. The documents sought, especially the drawings in the possession or control of the Defendants, are essential to Plaintiff's prosecution of its claims, and substantial prejudice would result if Plaintiff is denied discovery of these documents. The underlying action here is a claim of copyright infringement; Plaintiff contends, and Defendants deny, that Defendants have infringed upon his exclusive rights with respect to the architectural drawings Plaintiff prepared. These documents are thus highly relevant to the subject matter of the action and do not relate to privileged matters. The refusal to provide the disclosures is without justification.

10. I have spent 5 hours in the preparation of this motion and estimate that I will spend an additional 3 hours traveling to and from the court and attending the hearing on this matter. My hourly rate to this client is $315 an hour. I request, then, that Defendants be ordered to pay Plaintiff $2,520.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Oakland, California on 14 May, 2008.

/s/_____
Kenneth Natkin

DECLARATION KENNETH NATKIN IN SUPPORT
PLAINTIFF'S MOTION TO COMPEL DISCLOSURE    4