UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BILL POON & COMPANY, ARCHITECTS, INC.,

    Plaintiff,

v.

KHALIL BAFAIZ, et al.,

    Defendants.

No. C 07-5566 PJH

**ORDER GRANTING MOTION TO ENFORCE SETTLEMENT**

Before the court is plaintiff Bill Poon & Company, Architects, Inc.'s ("Poon") motion to enforce settlement, seeking to enforce the settlement agreement entered into by the parties. Defendants Khalil Bafaiz ("Bafaiz"), Naeem Akram ("Akram") and Inderjit Chadha ("Chadha") oppose the motion. Because the court finds this matter suitable for decision without oral argument, the hearing date of March 18, 2009 is VACATED pursuant to Civil Local Rule 7-1(b). Having carefully read the parties' papers and considered the relevant legal authority, the court hereby GRANTS Poon's motion to enforce settlement, for the reasons stated below.

**BACKGROUND**

This action arises out of the performance of architectural services by Poon for Melissa Chavis ("Chavis") and the sale of real property. Poon brought this action against defendants Khalil Bafaiz ("Bafaiz"), Naeem Akram ("Akram"), Inderjit Chadha ("Chadha") (collectively "Buyer Group") as well as G.A.R.S. Inc. ("GARS"), George Pavana ("Pavana") and Nabil Taovil ("Taovil") (collectively "Realtors"), seeking damages related to infringement of Poon's exclusive copyright interests in architectural drawings prepared by Bill Poon for the design and construction of two single family residences in Hayward,

California. The Buyer Group and Realtors filed cross-claims against each other and a claim against Chavis, the individual who originally commissioned Poon to design the two residencies.

On November 6, 2008, the parties entered into a handwritten settlement agreement signed by all parties. It provides, among other things, that a "separate mutual release and settlement agreement will be prepared . . . to reflect these terms and it will then supercede this agreement." Kenneth Natkin ("Natkin") Decl., Exh. B. The handwritten settlement agreement further provides that the "settlement shall be binding upon the parties even if the [separate mutual release and settlement agreement] is not signed by all." Id. A formal settlement agreement was subsequently prepared entitled, "Mutual Settlement Agreement and Release of All Claims" ("Settlement Agreement"), and signed by all parties, except Chadha. Natkin Decl., Exh. A.

Under the terms of the Settlement Agreement, the Buyer Group, in exchange for a dismissal with prejudice of the claims alleged by Poon and the right to use or sell the architectural drawings prepared by Bill Poon, agreed to pay Poon $27,500, in "monthly installments of $2500 each with the first payment on December 1, 2008." Natkin Decl., Exh. A. The Buyer Group also agreed to "stipulate to a confession of judgment in California State Court in the amount of $25,000" and to "provide Poon with a promissory note for which they will be jointly and severally liable for the principal sum of $25,000 with interest at ten percent." Id. In addition, the Settlement Agreement provides, in the "Enforcement of Agreement; Attorneys Fees" section, that it "is a binding settlement agreement, and prior to dismissal of the underlying action, the District Court may enter judgment pursuant to its terms." Id. This section also provides that: "If any party files a motion to enforce this settlement Agreement because the other party has breached a term of the Agreement, . . . the party that prevails . . . shall be entitled to an award of its reasonable attorneys' fees incurred in connection with the motion as costs." Id.

On November 25, 2009, the court, having been advised by counsel that the parties had agreed to a settlement, dismissed this action without prejudice. The dismissal order stated, however, that if any party certified to the court, within thirty (30) days, that the

2

agreed consideration for said settlement had not been delivered over, the dismissal order would be vacated and this action would be restored to the calendar to be set for trial. By stipulation of the parties and Order of the court, the deadline was extended to January 10, 2009. On January 8, 2009, Poon notified the court that consideration had not been paid, and requested that the court restore the matter to the calendar. On January 13, 2009, the court issued an Order restoring this matter to the calendar, setting a case management conference for January 29, 2009.

Following the case management conference, the court issued an Order dismissing all claims with prejudice, except for Poon's claims against the Buyer Group. The Order also directed Poon's counsel to notify the court no later than February 12, 2009 whether he would pursue a motion to enforce the settlement in this court or whether he would pursue a remedy in state court.

On January 21, 2009, the Buyer Group purportedly tendered a check to Poon in the amount of $8,250, representing the December, January and February monthly payments. On February 11, 2009, Poon filed a motion to enforce settlement. An opposition was filed on February 26, 2009. A reply was filed on March 3, 2009.

**DISCUSSION**

Poon moves the court to enforce the Settlement Agreement and to enter judgment against the Buyer Group in favor of Poon in the amount of $19,250, plus interest and attorney's fees.[1] Alternatively, Poon moves the court for an order compelling the Buyer Group to comply with the terms of the Settlement Agreement.

A.   Enforcement of the Settlement Agreement

Poon argues that enforcement of the Settlement Agreement is appropriate because the Buyer Group materially breached the terms of the Settlement Agreement by failing to: (1) timely tender installment payments; (2) execute and deliver the promissory note in the

---

[1] Although Poon does not expressly acknowledge that it received a check from the Buyer Group in the amount of $8,250, it appears that Poon did in fact receive a check in this amount given Poon's request for judgment in the amount of $19,250 rather than $27,500.

3

amount of $25,000; and (3) provide and execute the documentation necessary to effectuate the confession of judgment in state court.

1.   Legal Standard

It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it. In re City Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th Cir. 1994); Callie v. Near, 829 F.2d 888, 890 (9th Cir.1987). To be enforced, a settlement agreement must meet two requirements. First, it must be a complete agreement. Maynard v. City of San Jose, 37 F.3d 1396, 1401 (9th Cir. 1994); Callie, 829 F.2d at 890. Second, both parties must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute. Harrop v. Western Airlines, Inc., 550 F.2d 1143, 1144-45 (9th Cir. 1977).

"A settlement agreement is treated as any other contract for purposes of interpretation." United Commercial Insurance Service, Inc. v. The Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992). "Under California law, the intent of the parties determines the meaning of the contract. The relevant intent is 'objective'-that is, the intent manifested in the agreement and by surrounding conduct-rather than the subjective beliefs of the parties." Id. (citations omitted). If the material facts concerning the existence or terms of the settlement agreement are in dispute, the court must hold an evidentiary hearing. Callie, 829 F.2d at 890.

2.   Legal Analysis

In this case, the parties do not dispute the existence or material terms of the Settlement Agreement. The Buyer Group identified no material term that is absent or omitted from the Settlement Agreement. Nor did they argue that they did not intend to be bound by the terms of the Settlement Agreement, or raise any factual issues regarding the creation of the Settlement Agreement. Accordingly, the court finds that the parties have entered into an enforceable agreement.[2]

---

[2] Although Chadha refused to sign the Settlement Agreement, the court finds that it can be enforced against him on the basis that he agreed to the terms of the settlement. Chadha signed the handwritten settlement agreement, which expressly states that "settlement shall be binding upon the parties even if the [separate mutual release and settlement agreement] is not

As for the material terms of the agreement, the court concludes that all of the material terms are included in the Settlement Agreement. A review of the Settlement Agreement reveals that it accurately reflects the terms that were negotiated by the parties and memorialized in the handwritten settlement agreement prepared on November 6, 2008 and signed by all parties. Under the terms of the Settlement Agreement, Buyer Group agreed to pay Poon $27,500, in "monthly installments of $2,500 each with the first payment on December 1, 2008."[3] The Buyer Group also agreed to stipulate to a confession of judgment in state court and to provide Poon with a promissory note in the amount of $25,000. In addition, the Settlement Agreement provides that if a party breaches a term, the other party may file a motion to enforce the settlement, and the district court may enter judgment pursuant to its terms.

Because it is undisputed that the Buyer Group failed to timely tender installment payments, to stipulate to a confession of judgment in state court, and to provide Poon a promissory note in the amount of $25,000, the court concludes that the Buyer Group has breached material terms of the Settlement Agreement. Poon is therefore entitled to entry of judgment pursuant to the terms of the Settlement Agreement. Accordingly, the court GRANTS Poon's motion to enforce settlement.[4]

///

///

---

signed by all." Natkin Decl., Exh. B. Moreover, Chadha does not assert that the Settlement Agreement is inconsistent with the handwritten settlement agreement, nor does he argue that the Settlement Agreement is unenforceable.

[3] To the extent that the Buyer Group argues that they agreed to pay Poon the sum of $27,500 in ten monthly installments of $2,750 per month beginning on December 1, 2008, the court finds this argument to be without merit. The Buyer Group did not offer any evidence to support their position. In fact, the evidence before the court demonstrates that the Buyer Group agreed to pay Poon the sum of $27,500, in monthly installments of $2,500. This term is set forth in both the handwritten settlement agreement and the subsequently prepared Settlement Agreement.

[4] To the extent that the Buyer Group argues that the instant motion should be denied because they have tendered a check to Poon in the amount of $8,250, representing the December, January and February payments, the court is not persuaded by this argument. The Buyer Group offered neither compelling argument nor citation to controlling authority demonstrating that enforcement of the Settlement Agreement is inappropriate under the circumstances given their clear breach of its terms.

**CONCLUSION**

For the reasons stated above, the court hereby GRANTS Poon's motion to enforce settlement and orders that judgment be entered against the Buyer Group, i.e., Bafaiz, Akram and Chadha, in the remaining amount due, $19,250, plus interest in the amount of $62.49. The court also finds that Poon is entitled to an award of reasonable attorney's fees in the amount of $10,111.50. Counsel for Poon submitted two declarations in which he indicates that he has spent a total of 32.10 hours at a rate of $315 in connection with the enforcement of the Settlement Agreement, for a total of $10,111.50. The court finds this to be a reasonable fee given the work involved. The Clerk shall close the file in this case.

**IT IS SO ORDERED.**

Dated: March 16, 2009

_____
PHYLLIS J. HAMILTON
United States District Court